[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-10781

_____

D.C. Docket  No. 1:11-cr-20365-CMA-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOREL LOUIJUSTE,
JACQUES K. PIERRE,
MAREUS ST. HILAIRE,

Defendants- Appellants.

_____

Appeals from the United States District Court
for the Southern District of Florida

_____

(April 30, 2013)

Before MARCUS, HILL, and SILER,* Circuit Judges.

*Honorable Eugene E. Siler, Jr., United States Circuit Judge for the Sixth Circuit, sitting by
designation.

HILL, Circuit Judge:

Jacques Pierre, Mareus St. Hilaire, and Jorel Louijuste appeal their convictions for importation of and conspiracy and attempt to possess cocaine with the intent to distribute it.  In addition, St. Hilaire appeals his sentence.  Finding no merit in any of the allegations of error, the convictions and sentence are due to be affirmed.

I.

This case arises out of the seizure of approximately 273 pounds of cocaine found aboard the M/V Ahrenshoop (the "ship").  Federal agents found the cocaine in two secret compartments located in the ship's engine room after the ship's crew had departed.  They replaced the cocaine with sham cocaine containing tracking devices.

Some days later, Pierre, the ship's manager, and St. Hilaire returned to and spent an hour aboard the ship.  Around the same time, crewman Pierre called engineer Antonio Sanchez and ordered him to remove the bilge covering the secret compartments.  Sanchez was warned not to talk about this task.

After Sanchez emptied the bilge, he stayed on the ship's deck from which he observed St. Hilaire boarding the ship with burlap sacks and a gun.  He also saw Louijuste exit the ship four or five times with full burlap sacks.  The tracking

2

devices in the sham cocaine alerted around this time.  After the removal of the sacks, Sanchez saw Louijuste and St. Hilaire shake hands and make a victory sign.

Later that night, the agents boarded the ship, secured the crewmen on board, including Louijuste and Sanchez, and confirmed that the cocaine had been removed.  Following a search of the surrounding area, they located St. Hilaire and Pierre inside a warehouse.  The agents found the sham cocaine inside four burlap sacks and a trash bag.  They arrested St. Hilaire, Pierre, and Louisjuste.

At trial, Sanchez was the government's primary witness.  Vigorous cross-examination revealed that Sanchez was a confidential informant who had received $25,000 for prior assistance to the government and that he had also received substantial benefits from his assistance in this case.  To rehabilitate his testimony, the district court permitted the government to introduce Sanchez's statement to the agents at the time of his arrest.

The government also introduced testimony that both St. Hilaire and Pierre had been involved in prior cocaine smuggling activities and that St. Hilaire had constructed secret compartments for smuggling cocaine on several prior occasions.

Upon conviction, the district court sentenced St. Hilaire to a sentence lower than that of Pierre, in part due to his advanced age.

These appeals followed.

## II.

St. Hilaire and Pierre object to the admission of the prior bad act evidence under Rule 404(b), arguing that it was both irrelevant and unfairly prejudicial.  We disagree.  First, the evidence was highly probative of the defendants' intent to traffick in cocaine and the similarities between the prior offenses and the charged offense is readily apparent.  These are important considerations in evaluating the propriety of admitting such evidence.  *See United States v. Brown*, 587 F.3d 1082, 1091 (11th Cir. 2009).  Furthermore, the introduction of the evidence was not gratuitous.  The defendants vigorously attacked the credibility of the only eye-witness to the off-loading of the cocaine, Sanchez, and the evidence of the defendants' prior smuggling was needed to bolster his testimony.  *See United States v. Jernigan*, 341 F.3d 1273, 1280 (11th Cir. 2003) (404(b) evidence central to government's case should not be "lightly" excluded).

Second, although the lapse in time between the prior smuggling and the present offense is not insignificant – amounting to between thirteen and fifteen years – we have previously rejected attempts to draw a bright line establishing when prior bad acts are too remote to be probative.  *See United States vs. Matthews*, 431 F.3d 1296, 1311 (11th Cir. 2005).  Instead, we have given the district courts "broad discretion" to make this determination in the context of the specific facts of each case.  We have upheld the admission of 404(b) evidence in cases where the lapse in time between the prior bad acts and the charged offense

4

was even greater than that here.  *See United States v. Lampley*, 68 F.3d 1296, 1300 (11th Cir. 1995) (affirming admission of fifteen-year-old convictions); *United States v. James*, Case. No. 04-14379, 147 Fed. Appx. 76 (11th Cir. Aug. 25, 2005) (affirming admission of sixteen-year-old extrinsic offense).

In this case, given the government's need for the testimony and the similarities between the prior smuggling and the charged offense, we do not find the lapse in time so great as to demean the probative value of the evidence.[1] Furthermore, the district court gave a limiting instruction to the jury regarding the 404(b) evidence that served to mitigate any undue prejudice to defendants.  *See Jernigan*, 341 F.3d at 1282.

Defendants also appeal the district court's admission of the statement that Sanchez gave to the government agent the day defendants were arrested.  The government sought its admission to overcome the defendants' cross-examination of him regarding his motive for fabrication of his testimony.  Defendants argue that Rule 801(d)(1)(B), which provides for the admission of such a prior consistent statement under these circumstances, is inapplicable because Sanchez's original statement was also a fabrication prompted by his receipt of government benefits as the result of cooperation in prior cases.

---

[1] St. Hilaire's prior construction of similar secret compartments in ships, and Pierre's prior smuggling were both very similar to the charged offenses.

We reject this speculation.  It would create a *per se* assumption that all cooperating witnesses who have previously received a benefit from their cooperation are fabricating their testimony.  We find this to be an unwarranted and untenable assumption.

Finally, we reject the defendants' contention that the evidence was insufficient to support their convictions.  We have carefully reviewed the record and find this contention to be without merit.  There is more than enough evidence in this record to form a reasonable basis for the jury's verdict.  *See United States v. Farley*, 607 F.3d 1294, 1333 (11th Cir. 2010).

As to St. Hilaire's claim that his sentence was both procedurally and substantively unreasonable, we find no merit.  The district court found as a matter of fact that St. Hilaire perjured himself on three separate occasions during his testimony at trial.  We have carefully reviewed the relevant testimony and find no clear error in the district court's conclusion that it was perjurious.

As to the claim of substantive unreasonableness, St. Hilaire complains that his sentence was too disparate from that imposed on Pierre and that the evidence against him was too "thin" for such a significant sentence.  The district court noted the disparity in age between Pierre (64) and St. Hilaire (44) and imposed the sentence that it believed was warranted by this difference in their personal characteristics.  We find no abuse of discretion in this distinction.  Furthermore, if

6

the years of supervised release are factored in, Pierre's much longer supervised release reduces the disparity between his sentence and that of St. Hilaire.  Rather than indicating unreasonableness, we hold that the district court exercised its discretion thoughtfully in fashioning what it believed to be the appropriate sentences for these defendants.

III.

Based upon the foregoing, we hold that the convictions and sentence of these defendants are due to be

AFFIRMED.