[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-12610
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cr-20365-CMA-4

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MAREUS ST. HILAIRE,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(April 29, 2019)

Before MARCUS, MARTIN, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Mareus St. Hilaire, an inmate housed in Florida who is serving a 188-month

sentence for various federal drug offenses, appeals the district court's denial of his

motion for reconsideration of his "Motion for Relief Pursuant to Federal Rule of

Civil Procedure 60(b)(6)."  After careful consideration, we affirm.  Because St. Hilaire's Rule 60(b) motion was in fact a second or successive habeas petition under 28 U.S.C. § 2255 and he did not receive permission from this Court before filing it, the district court correctly declined to revisit its earlier determination that it lacked jurisdiction over St. Hilaire's claims.

## I.

After federal agents seized approximately 273 pounds of cocaine from a ship, St. Hilaire was arrested and charged with conspiracy to import five kilograms or more of cocaine into the United States; importing five kilograms or more of cocaine into the United States, conspiring to possess with intent to distribute five kilograms or more of cocaine; and attempting to possess with intent to distribute five kilograms or more of cocaine.  Following a nine-day trial, a jury convicted St. Hilaire on all counts.  The district court then sentenced St. Hilaire to 220 months of imprisonment.  St. Hilaire's sentence was later reduced to 188 months of imprisonment pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the Sentencing Guidelines.

This Court affirmed St. Hilaire's convictions and sentence on direct appeal.  See United States v. Louijuste, 517 F. App'x 916, 918 (11th Cir. 2013) (unpublished).  One year later, St. Hilaire filed a pro se 28 U.S.C. § 2255 petition for habeas relief in district court.  The district court denied the petition and

2

declined to issue St. Hilaire a certificate of appealability. This Court denied St. Hilaire's application for a certificate of appealability and dismissed his appeal.

On April 17, 2018, St. Hilaire filed a pro se motion for relief under Federal Rule of Civil Procedure 60(b). He argued his convictions and sentence should be set aside because no reasonable trier of fact could have convicted him on the evidence presented at trial and because the government presented false statements during trial. The government argued in response that St. Hilaire's motion was actually a second or successive § 2255 petition over which the district court lacked jurisdiction because St. Hilaire had yet to receive permission to file such a petition from this Court, as is required by 28 U.S.C. § 2244(b)(3)(A). The district court agreed with the government and denied St. Hilaire's motion for lack of jurisdiction.

St. Hilaire did not appeal the district court's order. Instead, he filed an "objection[] to report and recommendation," which the district court interpreted as a motion for reconsideration. St. Hilaire objected in his motion to what he perceived as the district court's failure to "use its discretion to determine whether [his] motion is a proper motion under Rule 60(b)(6) or a successive 2255 [m]otion." The district court denied the motion. St. Hilaire timely appealed.

## II.

3

We review a district court's denial of a motion for reconsideration for abuse of discretion. Richardson v. Johnson, 598 F.3d 734, 740 (11th Cir. 2010) (per curiam). "Under this standard, we affirm unless we determine that the district court applied an incorrect legal standard, failed to follow proper procedures in making the relevant determination, or made findings of fact that are clearly erroneous." Lugo v. Sec'y, Fla. Dep't of Corr., 750 F.3d 1198, 1207 (11th Cir. 2014). "A motion for reconsideration cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." Richardson, 598 F.3d at 740 (quotation marks omitted).

## III.

The district court did not abuse its discretion in denying St. Hilaire's motion for reconsideration. The law is clear: a proper Rule 60(b) motion is one that "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." Williams v. Chatman, 510 F.3d 1290, 1294 (2007) (per curiam) (emphasis added) (quoting Gonzales v. Crosby, 545 U.S. 524, 532, 125 S. Ct. 2641, 2648 (2005)). St. Hilaire's self-described motion, however, does the exact opposite.[1] The motion

---

[1] It appears that St. Hilaire's understanding of a second or successive habeas petition and a true Rule 60(b) motion may be reversed. When a defendant seeks to challenge his convictions and sentence by raising new or identical arguments to a previous § 2255 proceeding, that challenge is a second or successive habeas petition. See Williams, 510 F.3d at 1294–95. In contrast, when a defendant challenges the integrity of his first § 2255 proceedings and the resulting judgment on any of the bases identified under Rule 60(b), he is lodging a true Rule

takes issue with the government's actions at trial and the sufficiency of the evidence to sustain St. Hilaire's convictions—the latter of which this Court addressed on direct appeal. See Louijuste, 517 F. App'x at 919. The motion thus "attacks the federal court's previous resolution of a claim on the merits" and "seeks to add a new ground for relief," neither of which constitutes a "true Rule 60(b) motion." Gonzalez, 545 U.S. at 531–32, 125 S. Ct. at 2647–48.

Because St. Hilaire's motion was actually a second or successive habeas petition under § 2255, he "was required to move this Court for an order authorizing the district court to consider a successive habeas petition." Williams, 510 F.3d at 1295 (citing 28 U.S.C. § 2244(b)(3)(A)). His failure to do so means the district court correctly recognized it was without subject matter jurisdiction over his petition. See id. The district court therefore did not abuse its discretion when it denied St. Hilaire's motion to reconsider the court's denial of his motion.[2]

**AFFIRMED.**

---

60(b) challenge and does not require permission from this Court to proceed. Id. at 1295. The judgment at issue in a Rule 60(b) motion under these circumstances is not the criminal judgment but the civil habeas judgment. See Gonzalez, 545 U.S. at 532, 125 S. Ct. at 2648.

[2] However, the district court should have dismissed St. Hilaire's self-described Rule 60(b) motion rather than deny it. See Williams, 510 F.3d at 1294–95 (remanding to the district court "with instructions to dismiss [the claims] for a lack of jurisdiction" where the petitioner's Rule 60(b) motion was a "successive petition as defined in Gonzalez").

5