[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 08-16795
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 2, 2010
JOHN LEY
CLERK

D. C. Docket No. 07-00388-CV-FTM-99-DNF

LARRY D. RICHARDSON,

Plaintiff-Appellant,

versus

WARDEN JOHNSON,
FNU MCNEALY,
Guard,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(March 2, 2010)

Before TJOFLAT, WILSON and KRAVITCH, Circuit Judges.

PER CURIAM:

Larry Richardson, a *pro se* litigant incarcerated in state prison, appeals the district court's dismissal of his civil rights action under 42 U.S.C. § 1983 and the denial of his motion for reconsideration. We affirm in part and vacate and remand in part.

## I. Background

On October 12, 2006, Richardson, a prisoner at the Charlotte Correctional Institution (CCI), filed a grievance with Warden Johnson, requesting single-cell housing because of his cellmate's "unhygienic actions." On October 16, two days before Warden Johnson received this grievance, Richardson's cellmate attacked him in the cell, causing severe bleeding from lacerations on Richardson's face, arms, and back. The prison authorities moved him to a different cell the next day. Thereafter, Richardson filed numerous grievances seeking a transfer to single-cell housing on various grounds, including the attack and his former cellmate's destruction of his property. These grievances were either returned as improper or denied.

After the district court granted Richardson leave to proceed *in forma pauperis* (IFP), he filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 against the Secretary of the Florida Department of Corrections, James McDonough; Warden Johnson and Inspector Laughlin at CCI; and three CCI

guards, "John Doe (Unknown Legal Name)," Mr. Adams, and Mr. McNealy. In relevant part, Richardson alleged that the defendants violated his Eighth Amendment rights by (1) assigning him to a cell with another inmate who was known to be dangerous and who later attacked him, (2) refusing him medical treatment for 15 hours after the attack, and (3) denying his numerous grievances and requests.

In December 2007, the district court *sua sponte* dismissed the claims against Secretary McDonough, Mr. Adams, and Inspector Laughlin without prejudice because Richardson's complaint contained no allegations connecting them to any violation of Richardson's Eighth Amendment rights. The district court also dismissed Richardson's claim against John Doe without prejudice because naming fictitious parties in pleadings was not permitted in federal court. Finally, the district court directed the United States Marshals to serve process on McNealy and Johnson by mailing the appropriate papers to Shirley Matthew, a correctional officer at CCI.

On January 11, 2008, Matthew notified the court that she had served Warden Johnson but had been unable to serve McNealy because there was "no such person at this institution." After learning of the failure of service, Richardson sent a letter to Matthew on January 28 stating that McNealy had worked the "4 p.m. to 12 p.m.

3

shift" at CCI in July 2007 and that it "it should of [sic] been simple for you located Guard, Mr. McNealy within that prison facility." He also stated in the letter that "John Doe, a Mr. Mitchell" would be easy to identify "by your simply reviewing the complaint."

In an order dated November 5, 2008, the court dismissed Richardson's claim against McNealy without prejudice for failure to timely serve under Federal Rule of Civil Procedure 4(m). The court also granted Warden Johnson's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) because Richardson had not shown that Johnson was aware of a substantial risk of a serious physical threat to Richardson. The court noted that the grievance Richardson submitted prior to the attack mentioned only that his cellmate was "unhygienic" and that it was not stamped "received" until two days after the attack.

Richardson then filed a motion for reinstatement and an immediate hearing, arguing that the court made erroneous factual findings regarding the grievance process and improperly failed to consider his letter to Matthew, the court-appointed service agent. The district court construed this filing as a motion for reconsideration and denied it. Richardson appeals both the district court's dismissal of his claims and its denial of his motion for reconsideration.

4

## II. Discussion

*A. Claims Against McDonough, Adams, Laughlin, and Doe*

Richardson first argues that the court erred in dismissing (1) his § 1983 claims against McDonough, Adams, Doe and Laughlin *sua sponte* and (2) his claim against Warden Johnson under Rule 12(b)(6).[1] We construe Richardson's brief liberally and review these district court orders *de novo*. *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278-79 (11th Cir. 2001).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law and (2) such deprivation occurred under color of state law. *U.S. Steel, LLC v. Tieco, Inc.*, 261 F.3d 1275, 1288 (11th Cir. 2001); *Arrington v. Cobb County*, 139 F.3d 865, 872 (11th Cir. 1998). To state an Eighth Amendment claim under § 1983, a prisoner must allege facts to satisfy both an objective and subjective inquiry regarding a prison official's conduct. *Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004). Under the objective component, a prisoner must

---

[1] Although the court did not identify the basis for its *sua sponte* dismissal of these defendants, it appears that the court entered its order under 28 U.S.C. § 1915A, which provides that "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Upon review, "the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b).

allege a prison condition that is so extreme that it poses an unreasonable risk of serious damage to the prisoner's health or safety. To satisfy the subjective component, the prisoner must allege that the prison official, at a minimum, acted with a state of mind that constituted deliberate indifference. "[D]eliberate indifference has three components: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." *Farrow v. West*, 320 F.3d 1235, 1245 (11th Cir. 2003) (quotation marks and citations omitted).

We conclude that the district court correctly dismissed Richardson's claims against McDonough, Adams, and Laughlin. Richardson has not alleged that Secretary McDonough was himself deliberately indifferent to Richardson's health or safety or that Richardson's injuries were the result of an official policy that McDonough established as the Secretary for the Florida Department of Corrections. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). Because § 1983 does not provide for liability under a theory of *respondeat superior*, *id*. at 691, the district court properly dismissed this claim. Furthermore, the district court correctly dismissed Richardson's claims against Adams and Laughlin because Richardson's complaint alleges no facts describing how either was deliberately indifferent to Richardson's health or safety. *See Farrow*, 320

6

F.3d at 1245-46.

We also conclude that the district court correctly dismissed Richardson's claim against John Doe. As a general matter, fictitious-party pleading is not permitted in federal court. *See, e.g., New v. Sports & Recreation, Inc.*, 114 F.3d 1092, 1094 n.1 (11th Cir. 1997). We have created a limited exception to this rule when the plaintiff's description of the defendant is so specific as to be "at the very worst, surplusage." *Dean v. Barber*, 951 F.2d 1210, 1215-16 (11th Cir. 1992). In this case, however, Richardson identified the defendant as "John Doe (Unknown Legal Name), Guard, Charlotte Correctional Institute" in his complaint. Although he later referred to the "John Doe" defendant as "a Mr. Mitchell" in his letter to Matthew in January 2008, he did so only after the district court had dismissed his claim. Thus, the description in Richardson's complaint was insufficient to identify the defendant among the many guards employed at CCI, and the district court properly dismissed this claim.

Finally, we conclude that the district court correctly granted Warden Johnson's motion to dismiss for failure to state a claim. Richardson made no allegations that Johnson had acted with deliberate indifference to his health or safety. The grievance Richardson filed before the attack asserted only that his cellmate was "unhygienic." Because the complaint failed to allege that Johnson

had disregarded a known risk, the district court properly dismissed the claim against Johnson. *See Farrow*, 320 F.3d at 1245.

B.  *Failure to Serve McNealy*

Richardson argues that the district court erred in dismissing his claim under Rule 4(m) for the failure to timely serve McNealy. Richardson contends that, because he was a *pro se* prisoner–litigant proceeding IFP, the court-appointed process server was responsible for effecting service on McNealy.

The *sua sponte* dismissal of a complaint for failure to serve under Rule 4(m) is reviewed for an abuse of discretion. *Rance v. Rocksolid Granit USA, Inc.*, 583 F.3d 1284, 1286 (11th Cir. 2009). Under this standard, we affirm "unless [we] find that the district court has made a clear error of judgment, or has applied the wrong legal standard." *Id*. Under Rule 4(m), the district court "must dismiss the action without prejudice . . . or order that service be made within a specific time" if the defendant has not been served within 120 days of the filing of the complaint. Fed. R. Civ. P. 4(m). The court must extend the time for service, however, if the plaintiff shows "good cause" for the failure. *Id*.

When a court grants a litigant leave to proceed IFP, the officers of the court must "issue and serve all process." 28 U.S.C. § 1915(d). "[T]he failure of the United States Marshal to effectuate service on behalf of an *in forma pauperis*

8

plaintiff through no fault of that plaintiff constitutes 'good cause' for the plaintiff's failure to effect timely service within the meaning of Rule 4(m)." *Rance*, 583 F.3d at 1288. Thus, to determine whether the district court abused its discretion by failing to extend the time for service, we must determine whether Richardson was at fault for failing to provide an up-to-date address for McNealy.

We have no binding authority stating whether a *pro se* prisoner–litigant proceeding IFP is at fault when he cannot provide the current address of a prison guard to the court-appointed service agent. In *Rance*, we reversed a Rule 4(m) dismissal when "[n]othing in the record indicate[d] that [the plaintiff] share[d] in the Marshal's fault for failure to effectuate service." *Id*. at 1288. In *Fowler v. Jones*, 899 F.2d 1088, 1094 (11th Cir. 1990), we reasoned that a *pro se* prisoner–litigant proceeding IFP was not at fault when he had acted reasonably. "[G]iven that he was incarcerated and unrepresented, so that neither he nor legal counsel acting on his behalf was able to check the case file at the courthouse to determine the status of service," *id*. at 1095-96, we concluded that the prisoner–litigant was not at fault when he "request[ed] service upon the appropriate defendant and attempt[ed] to remedy any apparent service defects of which [he] ha[d] knowledge." *Id*. (quoting *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987)).

9

In a case with nearly identical facts, the Seventh Circuit held that "when the district court instructs the Marshal to serve papers on behalf of a prisoner, the prisoner need furnish no more than the information necessary to identify the defendant." *Sellers v. United States*, 902 F.2d 598, 602 (7th Cir. 1990).[2] The court reasoned that

> [p]rison guards do not want prisoners to have their home addresses, and the Bureau of Prisons is reluctant to tell prisoners even the current place of employment of their former guards. This is a sensible precaution, for prisoners aggrieved by guards' conduct may resort to extra-legal weapons after release if they do not deem the results of the litigation satisfactory. . . . Because the Marshals Service is part of the Department of Justice, 28 U.S.C. § 561, it should have ready access to the necessary information.

*Id*. at 602. In a subsequent decision, the Seventh Circuit applied *Sellers* to a *pro se* prisoner proceeding IFP in a state prison:

> The present cases involve state prisoners, not federal prisoners, but the distinction is irrelevant. *Sellers* is grounded in the belief that use of marshals to effect service alleviates two concerns that pervade prisoner litigation, state or federal: 1) the security risks inherent in providing the addresses of prison employees to prisoners; and 2) the reality that prisoners often get the "runaround" when they attempt to obtain information through governmental channels and needless attendant delays in litigating a case result.

*Graham v. Satkoski*, 51 F.3d 710, 713 (7th Cir. 1995). The *Graham* court vacated the district court's Rule 4(m) dismissal and remanded the case for a determination

---

[2] We cited *Sellers* with approval in *Rance*, 583 F.3d at 1287.

10

whether the Marshal service could have obtained the new addresses of the prison-guard defendants with reasonable effort.  If so, their failure to do so would automatically have constituted "good cause" under Rule 4(m).

We find this reasoning persuasive.  It is unreasonable to expect incarcerated and unrepresented prisoner–litigants to provide the current addresses of prison-guard defendants who no longer work at the prison.  Thus, we conclude that, as long as the court-appointed agent can locate the prison-guard defendant with reasonable effort, prisoner–litigants who provide enough information to identify the prison-guard defendant have established good cause for Rule 4(m) purposes.

We therefore vacate the district court's dismissal of Richardson's claim against McNealy and remand to the district court for a determination whether McNealy can be located with reasonable effort.  If so, McNealy must be served; otherwise, the district court properly dismissed Richardson's claim against McNealy.

*C.  Motion for Reconsideration*

Finally, Richardson argues that the court erred in denying his motion for reconsideration.  We review the denial of a motion for reconsideration for an abuse of discretion.  *Sanderlin v. Seminole Tribe of Fla.*, 243 F.3d 1282, 1285 (11th Cir. 2001).  A motion for reconsideration cannot be used "to relitigate old matters, raise

11

argument or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Village of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005).

Insofar as Richardson's motion for reconsideration can be construed to concern defendants other than McNealy, we conclude that the district court did not abuse its discretion in denying the motion: Richardson's motion simply attempted to relitigate old matters and present evidence that could have been raised prior to the entry of judgment. With regard to McNealy, however, we vacate the district court's denial because the district court abused its discretion in failing to determine whether Richardson had established good cause under Rule 4(m).

### III. Conclusion

Accordingly, the district court's orders are

**AFFIRMED IN PART, VACATED AND REMANDED IN PART.**