[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUG 18, 2011
JOHN LEY
CLERK

No. 10-15609
Non-Argument Calendar

_____

D. C. Docket No. 4:10-cv-00134-RLV

BYRON SCOTT WRIGHT,

Plaintiff-Appellant,

versus

KENNY DODD,
POLK COUNTY POLICE DEPARTMENT AND
POLICE MEN,
BAKER HARBIN,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(August 18, 2011)

Before HULL, WILSON and BLACK, Circuit Judges.

PER CURIAM:

Byron Scott Wright, an state prisoner proceeding pro se, appeals the dismissal of his 42 U.S.C. § 1983 complaint. Wright's § 1983 complaint alleged that he was arrested without a warrant and without first being informed of his Miranda[1] rights. Wright sought monetary damages and dismissal of the state criminal charges pending against him. The district court sua sponte dismissed the complaint, pursuant to 28 U.S.C. § 1915A(b)(1), for failure to state a claim upon which relief may be granted. After review, we affirm.[2]

A complaint fails to state a claim when, taking the complaint's allegations as true, it does not appear that a claim for relief "is plausible on its face." Ashcroft v. Iqbal, 556 U.S. __, 129 S.Ct. 1937, 1949 (2009). Although we liberally construe pro se pleadings, holding them to a less stringent standard than those drafted by an attorney, Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008), we will not rewrite an otherwise deficient pleading to sustain an action. GJR Invs., Inc. v. Cnty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998), overruled on other grounds by Iqbal, 556 U.S. ___, 129 S. Ct. 1937 (2009). To state a claim under § 1983, "a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law and (2) such

---

[1] Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602 (1966).

[2] We review de novo appeals from a § 1915A(b)(1) sua sponte dismissal for failure to state a claim. Leal v. Georgia Dep't of Corrs., 254 F.3d 1276, 1279 (11th Cir. 2001).

deprivation occurred under color of state law. <u>Richardson v. Johnson</u>, 598 F.3d 734, 737 (11th Cir. 2010).

Because the allegations in Wright's § 1983 complaint, even construed liberally, fail to allege a claim that is "plausible on its face," the district court properly dismissed the complaint for failure to state a claim upon which relief could be granted. <u>See</u> <u>Iqbal</u>, 556 U.S. at ___, 129 S.Ct. at 1949 (quotation marks omitted). Specifically, as to Wright's false arrest claim, the complaint alleges in conclusory fashion that the police arrested Wright without a warrant, but does not allege any facts showing that the police lacked probable cause to arrest him. <u>See</u> <u>Rankin v. Evans</u>, 133 F.3d 1425, 1435 (11th Cir. 1998) (explaining that the existence of probable cause is an absolute bar to a § 1983 claim for false arrest).

Wright's allegation that his <u>Miranda</u> rights were violated does not give rise to a cognizable claim under § 1983. <u>See</u> <u>Jones v. Cannon</u>, 174 F.3d 1271, 1291 (11th Cir. 1999). Likewise Wright's request for the dismissal of the pending state criminal charges, which challenges the very fact of his confinement, cannot be granted in the § 1983 context. <u>See</u> <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 500, 93 S. Ct. 1827, 1841 (1973). Furthermore, because Wright's complaint alleges that his criminal proceedings are pending, the district court properly refused to construe it as a petition for a writ of habeas corpus. <u>See</u> 28 U.S.C. § 2254(b)(1)(A) (providing

3

that a writ of habeas corpus may not be granted unless the petitioner has exhausted the remedies available in the state courts).

**AFFIRMED.**