[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 19, 2011
JOHN LEY
CLERK

No. 10-14168
Non-Argument Calendar
_____

D.C. Docket No. 8:05-cr-00044-SCB-AEP-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

TONY L. FORD,
a.k.a. BoBo,
a.k.a. BO,
a.k.a. Big Head,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(October 19, 2011)

Before TJOFLAT, EDMONDSON and KRAVITCH, Circuit Judges.

PER CURIAM:

Tony Ford, a federal prisoner proceeding pro se, appeals the denials of his

motion to compel disclosure of grand jury proceedings and his motion for reconsideration. No reversible error has been shown; we affirm.

In his motion to compel, Ford sought disclosure of grand jury testimony related to his second superseding indictment. Ford argued that he needed the records -- in pertinent part, the testimony of Detective Richard Mills, Jr., from the third grand jury proceeding -- to aid him in pursuing a 28 U.S.C. § 2255 motion to vacate and sought disclosure "to prevent a fundamental miscarriage of justice." On appeal, Ford argues that the government violated the Jencks Act by failing to provide him with the testimony and also argues that Fed.R.Crim.P. 6(e) authorized disclosure of the testimony.

A district court's grant or denial of a motion to disclose grand jury materials is reviewed for abuse of discretion. United States v Aisenberg, 358 F.3d 1327, 1338 (11th Cir. 2004). In addition, we construe liberally pro se pleadings. Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008). After review, we conclude that Ford has shown no basis for disclosure of the testimony.

The Jencks Act requires the government to disclose certain statements of its trial witnesses -- including statements by the witness to a grand jury -- following their direct examination. See 18 U.S.C. § 3500(b), (e)(3). But disclosure under the Act must occur during trial to allow defendant to obtain information to use in

cross-examining the government's witness. The remedy for the government's failure to comply is for the testimony of the witness to be stricken from the record. See 18 U.S.C. § 3500(d). Because Ford's convictions are final, these remedies are unavailable; and the Jencks Act provides Ford with no post-conviction basis to seek disclosure of the disputed testimony.

Rule 6(e) -- under which Ford also seeks relief -- codifies the expectation of secrecy of grand jury proceedings, except in limited circumstances. See Fed.R.Crim.P. 6(e)(3). And here, Ford's motion to compel does not fit within the relevant exception to Rule 6(e)(3). Ford did not seek disclosure "preliminarily to or in connection with a judicial proceeding." Fed.R.Crim.P. 6(e)(3)(E)(i). For a request to be "in connection with" a judicial proceeding, a proceeding must already be pending. United States v. Baggot, 103 S.Ct. 3164, 3166-67 (1983). Ford's criminal conviction already is final, and he has not yet filed a section 2255 motion to vacate. And Ford failed to identify any actual use of the grand jury transcripts to support anticipated litigation: not preliminary to a judicial proceeding. See Baggot, 103 S.Ct. at 3167.

Because Ford's motion did not meet the relevant exception of Rule 6(e)(3), the district court had inherent authority to consider the merits of his request only if there were "exceptional circumstances." See Aisenberg, 358 F.3d at 1347. But the

3

record shows that the government met its obligation pursuant to the Jencks Act on the third day of trial when it provided Ford's lawyer with copies of Mills's testimony from the third grand jury proceedings. So, given that Ford earlier received the disputed transcripts from the government, his request did not constitute exceptional circumstances to trigger the district court's inherent authority to disclose the testimony. And the court abused no discretion in denying Ford's motion to compel.

The district court also abused no discretion in denying Ford's motion for reconsideration because the motion repeated arguments raised in his motion to compel. He identified no factual or legal error underlying the district court's denial of his motion. See Richardson v. Johnson, 598 F.3d 734, 740 (11th Cir. 2010) (explaining that a motion for reconsideration cannot be used to relitigate old matters).

AFFIRMED.