[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-12811
Non-Argument Calendar
_____

D.C. Docket No. 0:14-cv-60889-JAL


YOUNES KABBAJ,

                                                          Plaintiff-Appellant,

versus

JOHN DOES 1-10,
BRIAN ALBRO,
MARK S. SIMPSON,

                                                          Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(January 8, 2015)

Before MARCUS, WILSON, and WILLIAM PRYOR, Circuit Judges.

PER CURIAM:

Younes Kabbaj, proceeding pro se, appeals the district court's sua sponte dismissal of his complaint below (the Complaint). The Complaint alleged ten state-law claims against Defendants-Appellees Mark S. Simpson, Brian K. Albro, and John Does 1 through 10 (Appellees). The district court dismissed the Complaint on the grounds that an April 2012 consent order entered by the United States District Court for the District of Delaware[1] (the April 2012 Order) required Kabbaj to obtain that court's permission prior to filing a civil action against certain named defendants. On appeal, Kabbaj disagrees with the district court's interpretation of the April 2012 Order and asks this Court to vacate the dismissal.

Upon a thorough review of the record and after consideration of the parties' briefs, we affirm.

## I.

Kabbaj, Simpson, and Albro were colleagues at the American School of Tangier (AST), a school located in Morocco and incorporated in Delaware. Following a somewhat personal dispute among the three colleagues, which included litigation in the District of Delaware, Kabbaj, Simpson, and Albro entered into a settlement agreement. In accordance with the settlement agreement, the District of Delaware entered the April 2012 Order.

---

[1] Referred to by the parties and herein as "the District of Delaware."

2

Pursuant to the April 2012 Order, Kabbaj was prohibited from bringing suit in any court in the United States against—among other named defendants—Simpson, his agents, or his family members regarding any matter not released by the settlement agreement (including claims for breach thereof) "without the prior written permission of a judge of [the District of Delaware]." Shortly thereafter, in May 2012, Kabbaj filed suit against Simpson in the United States District Court for the Southern District of New York for breach of the settlement agreement. The case was transferred to the District of Delaware, at which point Kabbaj requested permission from the District of Delaware to sue Simpson.

The District of Delaware gave Kabbaj permission to sue Simpson in an order entered in November 2012 (the November 2012 Order). The November 2012 Order noted that Kabbaj had not requested permission to sue any party other than Simpson and that the other defendants to the prior litigation did not object to Kabbaj's request. The November 2012 Order also required Kabbaj to determine the proper jurisdictional forum for his suit. To wit, if Kabbaj decided that the District of Delaware had personal jurisdiction over Simpson, he was to bring his action against Simpson there; if, however, Kabbaj reasoned that another federal court was the proper forum, he was instructed to file a motion for leave to transfer on or before November 27, 2012.

3

Kabbaj chose to bring his action in the District of Delaware, and it was subsequently dismissed for lack of personal jurisdiction.

Thereafter, in April 2014, Kabbaj initiated the instant proceedings against Simpson, Albro, and John Does 1 through 10 in the United States District Court for the Southern District of Florida.[2] The district court issued a paperless order, of its own accord, dismissing Kabbaj's case without prejudice. It dismissed Kabbaj's claims against Simpson and Albro because Kabbaj failed to obtain permission from the District of Delaware as required by the April 2012 Order. It also dismissed Kabbaj's claims against the John Does, finding them inextricably intertwined with and/or agents of Simpson and so subject to the April 2012 Order.[3]

This appeal followed.

## II.

While the district court did not specify the authority upon which it relied to sua sponte dismiss Kabbaj's action, it may have found the necessary authority in Federal Rule of Civil Procedure 41(b) or in its inherent power to manage its own

---

[2] The two federal lawsuits discussed herein are by no means an exhaustive list of the suits initiated by Kabbaj against Simpson, Albro, and other defendants not relevant to the instant proceedings. Rather, in the interest of brevity, we have focused on the two suits most relevant to our disposition of this matter.

[3] On June 23, 2014, the district court dismissed John Does 1 and 2 because they were inextricably intertwined with Simpson for purposes of the April 2012 Order and John Does 3 through 10 because Kabbaj failed to provide any identifiable information as to those parties. In an amended order, entered on June 27, 2014, the district court, in addition to the grounds in its initial order, dismissed Kabbaj's claims as to John Does 1 through 10 for failure to obtain permission pursuant to the April 2012 Order on the grounds that *all* John Does were agents of Simpson.

4

docket.  *See Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir.

2005).  Rule 41(b) gives the district court authority to dismiss an action before it,

"[i]f the plaintiff fails . . . to comply with . . . a court order."  Fed. R. Civ. Proc.

41(b); *see Betty K Agencies, Ltd.*, 432 F.3d at 1337 (suggesting a district court may

dismiss an action under Rule 41(b) on its own motion).  A district court's dismissal

for failure to comply with a court order is reviewed for abuse of discretion.  *See*

*Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999) (per

curiam).  Thus, absent a clear error of judgment or misapplication of the law, we

will leave a district court's ruling undisturbed.  *See Guideone Elite Ins. Co. v. Old*

*Cutler Presbyterian Church, Inc.*, 420 F.3d 1317, 1325 (11th Cir. 2005).

On appeal, Kabbaj puts forth a variety of claims, including that (1) the

November 2012 Order superseded the April 2012 Order and gave him permission

to sue Simpson wherever personal jurisdiction could be established; (2) the district

court should not have dismissed Albro or the John Does because they were not

named in the settlement agreement, and he did not need permission to sue them;

(3) Albro was not protected by the settlement agreement because he was not

Simpson's family member; and (4) the district court wrongly ruled that Albro and

the John Does were Simpson's agents.  The Appellees argue, simply, that the April

2012 Order requires Kabbaj to obtain permission prior to filing any suit against

Simpson, his agents, or his family members.  Because Kabbaj did not obtain

5

permission to bring the instant litigation, the district court's dismissal below was proper.  We agree with the Appellees.

The district court appropriately adhered to the requirements set forth in the April 2012 Order in dismissing the proceedings below when Kabbaj could not show that he had sought and obtained permission from a judge of the District of Delaware prior to filing suit.  Simpson, his agents, and his family members are expressly covered by the April 2012 Order, which clearly and explicitly requires that Kabbaj obtain permission from the District of Delaware to bring suit against those individuals.  Far from supplanting the April 2012 Order, the November 2012 Order was simply an instance in which Kabbaj did obtain permission to file a lawsuit.  It was not, however, a grant of perpetual permission; rather, the permission provided by the November 2012 Order was limited to the lawsuit for which permission was sought.  It did not state nor did it imply that it was entered in place of the prior April 2012 Order.

Moreover, the district court did not reach its determination in a vacuum.  The district court's determination as to the breadth of the April 2012 Order was informed by orders entered by the District of Delaware on similar issues.  *See* Fed. R. Evid. 201(b)(2).  For example, the district court referred to an April 7, 2014 order in which the District of Delaware found that the April 2012 Order applied to Albro, who Kabbaj had referred to as the "possible husband" of Simpson.  *See*

6

*Kabbaj v. Google, Inc.*, Civ. No. 13-1522-RGA, 2014 WL 1369864, at \*6 & n.4 (D. Del. Apr. 7, 2014).  Thus, the district court determined that Kabbaj must first obtain permission from the District of Delaware in order to sue Albro.

Finally, the district court did not abuse its discretion in dismissing John Does 1 through 10.  For one thing, "fictitious-party pleading" is generally not permitted in federal court.  *See Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010) (per curiam).  There exists a narrow exception "when the plaintiff's description of the defendant is so specific as to be at the very worst, surplusage." *Id.* (internal quotation marks omitted).  Kabbaj provided *no* identifiable information as to John Does 3 through 10, and the district court properly dismissed Kabbaj's claims against those defendants.  *See id.* (affirming dismissal of claim where plaintiff's complaint was insufficient to identify Doe defendants).

As to John Does 1 and 2, Kabbaj distinguished John Does 1 and 2 by their internet protocol (IP) addresses.  However, Kabbaj also alleged that Simpson "was the primary orchestrator of the activities of . . . the John Does, and that [Simpson] was directing, inciting [and] provoking them to . . . tortuously [sic] interfere with the 2012 Settlement Agreement."  According to Kabbaj's own assertions, *all* of the John Does acted on behalf of Simpson in interfering with the settlement agreement.

In other words, John Does 1 through 10 were agents to Simpson's principal.[4]

Pursuant to the April 2012 Order, Kabbaj was required to obtain permission from the District of Delaware prior to filing suit against John Does 1 through 10, and the district court did not abuse its discretion in finding that Kabbaj's failure to obtain such permission warranted dismissal of the claims against John Does 1 through 10.

In sum, the district court did not abuse its discretion when it dismissed Kabbaj's complaint on the grounds that he failed to seek and obtain permission from the District of Delaware to sue Appellees in the proceedings below.

**AFFIRMED.**

---

[4] The Complaint sets forth a potpourri of state law claims, including, but not limited to, declaratory and injunctive relief; breach of contract; defamation; and negligence. "[A] federal court adjudicating state law claims applies the substantive law of the state." *Ungaro-Benages v. Dresdner Bank AG*, 379 F.3d 1227, 1232 (11th Cir. 2004). Under Florida law, "[a] key element in establishing an agency relationship is that of control." *Chase Manhattan Mortg. Corp. v. Scott, Royce, Harris, Bryan, Barra & Jorgensen, P.A.*, 694 So. 2d 827, 832 (Fla. Dist. Ct. App. 1997); *see also Villazon v. Prudential Health Care Plan, Inc.*, 843 So. 2d 842, 853 (Fla. 2003) ("[I]t is the right to control, rather than actual control, that may be determinative."). Kabbaj's Complaint alleged the very control necessary to establish an agency relationship here. Thus, we see no error in the district court's finding that John Does 1 through 10 were agents of Simpson for purposes of applying the April 2012 Order.

8