[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-13971
Non-Argument Calendar
_____

D.C. Docket No. 4:13-cr-00003-HLM-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MILES L. GAMMAGE,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(April 13, 2015)

Before MARCUS, WILLIAM PRYOR and BLACK, Circuit Judges.

PER CURIAM:

Miles L. Gammage, a former attorney proceeding *pro se*, appeals the district court's order directing the garnishee, Andrew B. Roper, P.C., to deposit funds owed to Gammage into the restitution fund to satisfy his restitution, and the denial of his motion for reconsideration. Gammage's brief, which we construe liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), asserts three arguments. Each argument fails, as we discuss in turn.

First, Gammage argues the garnishment was improper because the restitution obligation was allegedly fulfilled, at least in part, by payments made to the victims by an insurance company and by the State Bar of Georgia. The district court did not err by declining to reduce Gammage's restitution based on these alleged payments by third parties. Gammage has not presented any proof of the payments to the victims. Even if he had, he would still owe the same restitution amount because the payors would step in as substitute victims. *See* 18 U.S.C. § 3664(f)(1)(B) ("In no case shall the fact that a victim has received or is entitled to receive compensation with respect to a loss from insurance or any other source be considered in determining the amount of restitution"); 18 U.S.C. § 3664(j)(1) ("If a victim has received compensation from insurance or any other source with respect to a loss, the court shall order that restitution be paid to the person who provided or

2

is obligated to prove the compensation"). Therefore, the district court did not did not err by declining to reduce Gammage's restitution amount.

Second, Gammage argues the garnishment was improper because a third party has a prior security interest in the garnished funds. We liberally construe Gammage's brief to be arguing he lacks a "substantial nonexempt interest" in the garnished funds *See* 28 U.S.C. § 3205(a) (explaining a court may order garnishment only against property in which the debtor has a "substantial nonexempt interest"). Gammage has not satisfied his burden of proof of showing he lacks a substantial nonexempt interest in the Roper funds. *See id.* § 3205(c)(5) (explaining "the judgment debtor may . . . object[] to the [garnishee's] answer" but he "bear[s] the burden of proof of proving [the] grounds" of his objection"). The garnishee, Andrew Roper, stated Gammage had an interest in the funds, and Gammage presented no evidence of a prior lien other than his statements that he previously "pledged" the funds to someone else. *Id.* Gammage has not contended a judgment was obtained in the third party's favor; a prior security interest was recorded; or a prior garnishment exists. *Id.* § 3205(c)(8) ("Judicial orders and garnishments for the support of a person shall have priority over a writ of garnishment issued under this section."). Nor has Gammage established any other

3

grounds for exempting the garnished funds.[1]  Therefore, the district court did not err by concluding Gammage had a substantial nonexempt interest in the funds.

Third, Gammage argues the district court abused its discretion by denying his motion for reconsideration because it incorrectly determined his answer to the government's motion for entry of a final disposition order was untimely.  The district court did not abuse its discretion by denying the motion to reconsider the order of garnishment.  *Richardson v. Johnson*, 598 F.3d 734, 740 (11th Cir. 2010) (reviewing the denial of a motion for reconsideration for abuse of discretion).  In his motion for reconsideration, Gammage identified no new evidence or manifest error.  *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) ("The only grounds for granting [a motion for reconsideration] are newly-discovered evidence or manifest errors of law or fact.") (quotation and citation omitted).  Even if the district court erred by not considering Gammage's answer, that did not rise to manifest error because the FDCPA does not expressly grant Gammage a right to respond to a motion for entry of a final disposition order, *see* 28 U.S.C. § 3205(c)(7), and Gammage has not identified any other statute or case law providing him a right to respond to the government's motion.  Furthermore,

---

[1] In Gammage's request for hearing on the garnished funds, Gammage claimed an exemption for "wages, salary and other income."  However, the district court concluded the exemption did not apply, and Gammage has not addressed the issue in his brief on appeal.  He has therefore abandoned this issue.  *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) ("While we read briefs filed by *pro se* litigants liberally, issues not briefed on appeal by a *pro se* litigant are deemed abandoned.") (citation omitted).

Gammage's objections to the garnishment could have been raised in his objection to Roper's answer to the writ of garnishment, so he could not raise them in a motion for reconsideration.  *See* 28 U.S.C. § 3205(c)(5); *Michael Linet, Inc. v. Vill. of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005) (explaining a motion for reconsideration cannot be used "to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment.").  Therefore, the district court did not err by denying Gammage's motion for reconsideration.

    **AFFIRMED.**