[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-10073
Non-Argument Calendar
_____

D.C. Docket No. 3:14-cv-00188-BJD-MCR


JAMES ANTHONY ALLEN,

Plaintiff-Appellant,

versus

SERGEANT HOWARD W. CAREY,
OFFICER MCKINNEY,
SERGEANT KYLE KNIGHT,
OFFICER W. HUBBARD,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(September 14, 2015)

Before MARCUS, WILLIAM PRYOR, and ROSENBAUM, Circuit Judges.

PER CURIAM:

James Anthony Allen, a Florida state prisoner proceeding *pro se*, appeals the district court's dismissal without prejudice of his 42 U.S.C. § 1983 civil rights lawsuit for failure to describe sufficiently the identities or whereabouts of the defendants so as to allow the U.S. Marshals Service to effect service of process. Because the district court did not determine whether the defendants could be located by the U.S. Marshal with reasonable effort, we vacate and remand.

**I**.

In his complaint, Allen named as defendants Sergeant Howard W. Carey, Officer McKinney, Sergeant Kyle Knight, and Officer W. Hubbard. He identified the defendants as employees of the Florida State Prison in Raiford, Florida, and he listed the address of the prison for each. The district court granted Allen leave to proceed *in forma pauperis* ("IFP") and assessed a partial filing fee, and later directed the U.S. Marshals Service to serve the defendants.

The U.S. Marshal returned unexecuted the summons for each of the four defendants. According to the U.S. Marshal, the defendants could not be served for the following reasons: (1) there were two prison employees with the last name "McKinney," so a first name was needed; (2) Hubbard could not be identified as an employee of the Florida Department of Corrections; (3) Carey was out on extended medical leave; and (4) Knight was out on military service leave for more

2

than one year.   On September 18, 2014, a magistrate judge ordered Allen to respond within 21 days with McKinney's first name or initial and the locations of the other three defendants, or face dismissal of his complaint without further notice.   On September 29, Allen filed a response stating that he had requested, but did not know, McKinney's first name, and that he did not know the whereabouts of Hubbard or Carey.   He also submitted a request for discovery, asking to have the prison provide the U.S. Marshal with the present or last known addresses of the defendants and also prison logs relevant to Allen's allegations that would help identify the first names of McKinney and Hubbard.

On October 20, the district court issued an order striking Allen's request for discovery and dismissing Hubbard, Carey, and Knight from the action without prejudice based on Allen's failure to identify their whereabouts.   The court directed Allen to provide McKinney's first name by November 18 and cautioned that failure to do so would result in dismissal without further notice.   Allen moved for appointment of counsel and timely responded that he was unable to determine McKinney's first name.   The district court then dismissed the case without prejudice on December 1 because "Plaintiff has failed to provide the Court with sufficient information to successfully execute process on Defendant McKinney, the only remaining Defendant in the case."   Doc. 24 at 1.

On appeal, Allen argues that the district court abused its discretion by not allowing him discovery to help identify the defendants and by not allowing him to plead a fictitious party in place of McKinney until he identified his first name. He also argues that the U.S. Marshal was required to try to locate the defendants that he identified. As a *pro se* litigant, he asserts, he could not obtain the defendants' home addresses, but he did provide the district court with the only address he knew, which was the state prison.[1]

## II.

The district court did not identify the mechanism for dismissal for failure to serve, but Rule 4(m) of the Federal Rules of Civil Procedure governs. We review a district court's *sua sponte* dismissal for failure to effect service under Rule 4(m) for an abuse of discretion. *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010). We will affirm unless we conclude that the district court has made a clear error of judgment or has applied the wrong legal standard. *Id.* Under Rule 4(m), the court "must dismiss the action without prejudice . . . or order that service be made within a specified time" if a defendant was not served within 120 days after the complaint was filed. Fed. R. Civ. P. 4(m). If a plaintiff shows "good cause"

---

[1] In a supplemental filing on appeal, Allen represents that both Carey and Knight have returned from their respective leave and are currently working at the state prison he originally identified.

4

for the failure, however, "the court must extend the time for service for an appropriate period." *Id.*

A plaintiff proceeding IFP under § 1915 is entitled to have a U.S. Marshal or other appointed person effect service. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3). "[T]he failure of the United States Marshal to effectuate service on behalf of an *in forma pauperis* plaintiff through no fault of that plaintiff constitutes 'good cause' for the plaintiff's failure to effect timely service within the meaning of Rule 4(m)." *Rance v. Rocksolid Granit USA, Inc.*, 583 F.3d 1284, 1288 (11th Cir. 2009). We have said that it is unreasonable to expect prisoners proceeding *pro se* to provide the current addresses of prison-guard defendants who no longer work at a prison. *Richardson*, 598 F.3d at 739-40 (citing *Sellers v. United States*, 902 F.2d 598, 602 (7th Cir. 1990)). Thus, so long as the U.S. Marshal can locate the defendant with "reasonable effort," a plaintiff establishes "good cause" under Rule 4(m) by providing enough information to identify the prison-guard defendant. *Id.* at 740.

Here, we conclude that the district court abused its discretion in dismissing Allen's case. Allen largely identified the defendants and provided information relevant to distinguishing which of the two McKinneys was the subject of Allen's complaint. In dismissing all of Allen's claims, the district court failed to determine whether the defendants can be located with reasonable effort. *See id.* We therefore

5

vacate the dismissal of Allen's complaint and remand for the court to make that determination.  If so, they must be served.

**VACATED AND REMANDED.**