[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-11601
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cv-01634-AT

DARYL RONDEL WILLIAMS,

Plaintiff-Appellant,

versus

DEKALB COUNTY JAIL,
THOMAS E. BROWN,
LIEUTENANT R. AKIES,
J.E.S. TEAM,
OFFICER NIX, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(February 4, 2016)

Before HULL, MARCUS and BLACK, Circuit Judges.

PER CURIAM:

Daryl Rondel Williams appeals the district court's dismissal of his complaints of excessive force and failure to protect, pursuant to 42 U.S.C. § 1983, against DeKalb County Jail, Sherriff Thomas Brown, Lieutenant Akies, Officer Aswood, Officer Nix, and the "J.E.S. team." Williams first asserts he should be allowed to proceed against the "J.E.S. team" members because Williams cannot personally obtain the names of the individuals involved in an attack against him and only we have the power to uncover the correct defendants. Williams also contends he should be allowed to proceed against Officers Aswood and Nix for failing to protect him from other inmates when, knowing that Williams had reported a theft, the Officers returned Williams to the pod without first ensuring that the other inmates' cells were locked, resulting in four inmates attacking Williams. After review,[1] we affirm the district court.

As to Williams' excessive force claim, generally, parties are not allowed to plead fictitious parties in federal court. *See Richardson v. Johnson*, 598 F.3d 734,

---

[1] We review *de novo* a district court's *sua sponte* dismissal for failure to state a claim under 28 U.S.C. § 1915A(b)(1) using the same standards that govern dismissals under Fed. R. Civ. P. 12(b)(6). *Leal v. Georgia Dep't of Corr.*, 254 F.3d 1276, 1278-79 (11th Cir. 2001). The complaint is viewed in the light most favorable to the plaintiff, and the plaintiff's well-pleaded facts are accepted as true. *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1057 (11th Cir. 2007). To avoid dismissal, the complaint must state a claim for relief that is facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

2

738 (11th Cir. 2010).  A fictitious name like "J.E.S. team," when the real defendant cannot be readily identified for service,[2] is insufficient to sustain a cause of action. *See id.*  Therefore, as Williams' excessive force complaint does not name an actionable party, the district court did not err in dismissing it for failure to state a claim.

As to Williams' failure to protect claim, while "prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners," not every instance of inmate on inmate violence "translates into constitutional liability for prison officials responsible for the victim's safety."  *Farmer v. Brennan*, 511 U.S. 825, 833-34 (1994) (ellipsis in original).  It is a "prison official's deliberate indifference to a substantial risk of serious harm to an inmate [that] violates the Eighth Amendment."  *Id*. at 828.  In order to constitute "deliberate indifference," the prison official must have subjective knowledge of the risk of serious harm, and must nevertheless fail to reasonably respond to the risk.  *Id*. at 837, 844-45.  A prison official must have a "sufficiently culpable state of mind" to be deliberately indifferent.  *Carter v. Galloway*, 352 F.3d 1346, 1349 (11th Cir. 2003) (citation omitted) (quotation omitted).  "[M]erely negligent failure to protect an inmate from

---

[2] We note, as did the district court, that we recognize that Williams states he was unable to identify the J.E.S. team members "because they don't w[ear] name tags."  As Williams further states, however, other jail officials to whom he spoke, including "Ms. Green Internal Affairs" helped him identify Lieutenant Akies, and there were other methods available to him to obtain the names of the J.E.S. Team members during the almost two-year period he waited before filing his complaint.

3

attack does not justify liability under section 1983." *Id*. at 1350 (citation omitted) (quotation omitted).

The district court did not err when it dismissed Williams' failure to protect complaint for failure to state a claim, because there is nothing in Williams' complaint to suggest that Officers Aswood and Nix were actually aware that failing to lock the other inmates in their cells would result in injury to Williams. Therefore, the Officers were not deliberately indifferent to a substantial risk to Williams' safety. *See Farmer*, 511 U.S. at 837, 844-45.  Accordingly, we affirm. [3]

**AFFIRMED.**

---

[3] In his brief, Williams also requests a court-appointed attorney.  We can appoint a civil litigant an attorney, but the privilege of one is usually justified only by exceptional circumstances in the case.  *See Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999).  As we have already denied Williams' request for a court-appointed attorney on appeal, and Williams provides no reason for us to reconsider our decision, we once more deny his request.