[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-10485
Non-Argument Calendar
_____

D.C. Docket No. 1:15-cv-22610-MGC

JAHI AMADI HASANATI,

Petitioner - Appellant,

versus

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents - Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(June 22, 2018)

Before WILSON, JORDAN and JILL PRYOR, Circuit Judges.

PER CURIAM:

Jahi Amadi Hasanati, a Florida inmate proceeding *pro se*, appeals the district court's denial of his motion for reconsideration of an order denying his motion for relief from judgment under Federal Rule of Civil Procedure 60(b).  After careful review of Hasanati's briefing—including his corrected brief—and the record, we affirm.

Hasanati was convicted of grand theft, conspiracy to commit grand theft, and racketeering under Florida law and sentenced to serve 45 years in prison.  Since his conviction became final, he has sought postconviction relief in state and federal court through numerous filings.  As relevant to this appeal, Hasanati filed in district court a *pro se* 28 U.S.C. § 2254 petition for a writ of habeas corpus and then an amended petition, in which he alleged that his arrest, extradition from New York to Florida, conviction, and imprisonment were unlawful because the statutes upon which they were based were invalid, not properly passed by the Florida legislature, and could not be authenticated by the Florida Secretary of State.  The district court dismissed the petition without prejudice.  Hasanati then filed a motion for a certificate of appealability ("COA") and another motion challenging the validity of his statutes of conviction, which the district court construed as a motion for relief from the judgment dismissing his § 2254 petition under Rule 60(b).  The district court denied his Rule 60(b) motion, concluding that Hasanati failed to "set forth facts or law of a strongly convincing nature" sufficient for relief from the

2

judgment, explaining that "[t]he theft and racketeering statutes he cite[d] in his motion are valid and enforceable state laws." Doc. 41 at 2.[1] The district court denied Hasanati a COA. Upon his motion in our court, we also denied Hasanati a COA and then denied his motion for reconsideration of that denial.

Hasanati then filed another motion in the district court, which the court construed as a motion for reconsideration of its order denying his Rule 60(b) motion.[2] The district court denied Hasanati's motion in a summary order largely without explanation, concluding that he had failed to "raise any new arguments to change the [court's previous] ruling" on his Rule 60(b) motion. Doc. 64. The district court granted Hasanati a COA, however. This is Hasanati's appeal.

We review the district court's denial of a motion for reconsideration for an abuse of discretion. *Richardson v. Johnson*, 598 F.3d 734, 740 (11th Cir. 2010). A district court abuses its discretion when it fails to apply the proper legal standard or follow the proper procedures in making a determination, or when it makes findings of fact that are clearly erroneous. *Mincey v. Head*, 206 F.3d 1106, 1137 n.69 (11th Cir. 2000). A motion for reconsideration "cannot be used to relitigate old matters, raise argument[,] or present evidence that could have been raised prior to the entry of judgment." *Richardson*, 598 F.3d at 740 (internal quotation marks

---

[1] "Doc. #" refers to the numbered entry on the district court's docket.

[2] Hasnati does not appear to argue that his filings should have been construed differently than the district court construed them; therefore, we adopt these constructions.

3

omitted).  We liberally construe *pro se* filings.  *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

We discern no reversible error in the district court's denial of Hasanati's motion for reconsideration.  Hasanati devotes the bulk of his argument on appeal to challenging the constitutionality of the statutes under which he was convicted and the district court's failure to strike the statutes as unconstitutional.  But these arguments were made and rejected in his original § 2254 petition and Rule 60(b) motion and, therefore, were not proper bases for a motion for reconsideration.  *See Richardson*, 598 F.3d at 740.  Thus, Hasanati cannot show that the district court abused its discretion in denying his motion for reconsideration.

In his corrected brief, Hasanati also appears to argue that the district court violated his right to due process by summarily denying his motion for reconsideration without making factual findings or legal conclusions.  Again, we disagree.  Even assuming the district court was obliged to provide findings of fact or conclusions of law supporting its decision, here the court did so by expressly referring to its previous reasoned order denying Hasanati's Rule 60(b) motion as reason for denying his motion for reconsideration.  Furthermore, the district court noted that Hasanati had failed to raise any new argument sufficient to justify reconsideration.  Thus, the district court's order was not, as Hasanati argues, unsupported by facts or law.

4

For the foregoing reasons, the district court's order denying Hasanati's motion for reconsideration is affirmed.

**AFFIRMED.**