[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-13424
Non-Argument Calendar
_____

D.C. Docket No. 1:18-cv-01083-MHC

WILLIE G. SMITH,

Plaintiff-Appellant,

versus

NATHAN DEAL, et al.,

Defendants,

ROBYN A. CRITTENDEN,
The Commissioner of the Human
Services in her individual capacity,

GEORGIA DEPARTMENT OF HUMAN SERVICES and
the DIVISION OF FAMILY AND CHILDREN SERVICES,

DHS/DFCS EMPLOYEES IN THEIR INDIVIDUAL CAPACITIES,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(January 30, 2018)

Before TJOFLAT, WILLIAM PRYOR and JORDAN, Circuit Judges.

PER CURIAM:

Willie Smith appeals *pro se* the dismissal of his amended complaint against Robyn Crittenden, the Commissioner of the Georgia Department of Human Services; the Department and its Division of Family and Children Services; and unnamed employees of the Department and its Division. The district court dismissed Smith's complaint for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B)(ii). We affirm.

Smith complained about the methods that Division employees used to recover overpayments he received from the supplemental nutrition assistance program. Smith alleged that he received $1,570 in overpayments from the program. In 2004, Smith received notice of his obligation to refund that amount and the Division recovered $1,091.69 between November 2004 and July 2013 by withholding $10 monthly from his food stamp benefits. In August 2013, a Division employee terminated Smith's repayment schedule even though he still owed $478.31. Smith also alleged that, in 2015, after he protested an error in the

2

administration of his Medicaid benefits, the Division filed a fraudulent claim for a "delinquent Food Stamp Collection Claim" with the Treasury Offset Program that resulted in one deduction of $49 from Smith's social security benefits. In 2017, the Division sought another refund from Smith by notifying him of his outstanding balance and withholding $10 monthly from his food stamp benefits. Smith filed a claim against the Division with the Office of State Administrative Hearings, but he withdrew his request for a hearing and the Office dismissed his claim.

Smith complained that the defendants' collection practices were attributable to "race and disability discrimination as well as retaliation." He alleged that an unnamed employee mishandled his application to renew his Medicare benefits, in violation of Section 504 of the Rehabilitation Act. 29 U.S.C. § 794. Smith also alleged that an unnamed employee filed a false claim with the Treasury Offset Program, in violation of the False Claims Act, 31 U.S.C. § 3729, to retaliate for Smith's complaint about the mishandling of his Medicare application. And Smith alleged that unnamed Division employees "violated the due process clauses and equal protection clauses of the Fifth and Fourteenth Amendments" in 2004, 2015, and 2017 by "fail[ing] to give notice . . . of its settlement authority when demanding repayment" as required to "adequately inform [him] of his rights under the Food Stamp Act." 42 U.S.C. § 1983.

3

The district court dismissed Smith's complaint for failure to state a claim. The district court ruled that the Department and its Division were not subject to suit and that Smith alleged no plausible facts from which to infer that Crittenden could be held liable, as a supervisor, for the conduct of her subordinates. The district court also ruled that, "[a]lthough [Smith] styled the Amended Complaint as a 'retaliation and discrimination complaint,' [he] fail[ed] to include any plausible factual allegations demonstrating that any adverse action [he] suffered . . . was linked to any racial or otherwise discriminatory animus on the part of Defendants" and he failed to "show a causal connection between any protected activity and any adverse action . . . [by] the Defendants."

We review *de novo* the *sua sponte* dismissal of a complaint for failure to state a claim and accept the allegations in the complaint as true. *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). A district court is obligated to dismiss an *in forma pauperis* complaint if it determines that the action is "frivolous" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). To avoid dismissal, a complaint must contain facts sufficient to support a plausible claim to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). We interpret *pro se* pleadings liberally, but we will not rewrite a deficient pleading to sustain an action. *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014).

4

Smith's complaint failed to state a plausible claim against Crittenden. Supervisory officials cannot be held vicariously liable under section 1983 for the actions of their subordinates unless the supervisor "personally participates in the alleged unconstitutional conduct" or "there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation." *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003). Smith's complaint did not allege that Crittenden personally participated in collecting Smith's outstanding debt. Nor did Smith's complaint allege that Crittenden directed her employees to act unlawfully or that she knew they would do so and failed to intervene. The district court did not err when it ruled that Crittenden could not be liable for her employees' alleged unlawful acts.

The district court also did not err in dismissing Smith's complaint insofar as it alleged any claims against the Department and its Division. The allegations of wrongdoing by unnamed "DHS/DCFS employees" were deficient. *See Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010) (requiring a complaint to identify or describe defendants with specificity). And state agencies are not subject to suit under section 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65–71 (1989). Section 1983 provides a cause of action against any "person" acting "under color of state law" who deprives an aggrieved person of rights secured by federal

5

law. 42 U.S.C. § 1983. State agencies are not persons under section 1983. *See Will*, 491 U.S. at 65.

In addition, Smith's complaint failed to allege plausible facts of wrongdoing by any Division employees. Smith's complaint admitted that, as of August 2013, he had yet to repay $478.31 in overpayments from the supplemental nutrition assistance program. *See* 31 U.S.C. § 3729 (stating that the Act prohibits the presentation of "a false or fraudulent claim for payment"). Smith's complaint failed to allege any plausible facts about the submission of a false claim to the government. Smith's complaint also failed to allege that an employee mishandled his Medicare application because of his disability. *See Ellis v. England*, 432 F.3d 1321, 1326 (11th Cir. 2005) ("[U]nder the Rehabilitation Act, a plaintiff must prove that he suffered an adverse employment action 'solely by reason of' his handicap."). And Smith's conclusory allegations that Division employees "intentionally treated [him] differently from other similarly situated" people of "other races and national origin" lacked any supporting facts necessary to state a plausible claim that he was denied equal protection of the law. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."). Smith also complained that the employees reinstated his debt because he was black, but we

agree with the district court that his complaint failed to make "any plausible factual allegations demonstrating that any adverse action [he] suffered . . . was linked to any racial . . . animus on the part of Defendants."

Smith's complaint also failed to state a claim that the employees violated his constitutional right to due process of law. Division employees did not violate Smith's right to substantive due process by collecting an amount he owed to the government. *See Greenbriar, Ltd. v. City of Alabaster*, 881 F.2d 1570, 1577 (11th Cir. 1989) ("[A] deprivation of a property interest . . . [violates substantive due process] if it is undertaken 'for an improper motive and by means that were pretextual, arbitrary and capricious, and . . . without any rational basis.'"). And Smith's claim that he was denied procedural due process failed because he alleged that he received notice of his obligation to refund the overpayments and that he requested and later withdrew his requests for hearings to protest the collections. *See Mathews v. Eldridge*, 424 U.S. 319, 348 (1976) ("The essence of due process is the requirement that 'a person in jeopardy of serious loss (be given) notice of the case against him and opportunity to meet it.'").

We **AFFIRM** the dismissal of Smith's complaint.