**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-6210**

CHARLES J. SHIRLEY,

       Plaintiff - Appellant,

   v.

CHRISTOPHER STAUBS, in his personal capacity,

       Defendant  Appellee,

   and

LOUDON COUNTY SHERIFFS OFFICE; STACY L. MCCAFFERY,

       Defendants.

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg.  Gina M. Groh, Chief District Judge.  (3:19-cv-00041-GMG)

Submitted:  July 6, 2020                          Decided:  July 17, 2020

Before WILKINSON, NIEMEYER, and MOTZ, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Charles J. Shirley, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Charles J. Shirley appeals from the district court's order dismissing his complaint against Christopher Staubs without prejudice for failure to perfect service.[*] On appeal, Shirley contends that the Marshal Service did not make reasonable efforts to locate Staubs and, as such, his failure to serve Staubs should be excused. We vacate and remand for further proceedings.

Shirley is responsible for timely service. Fed. R. Civ. P. 4(c)(1). A plaintiff proceeding in forma pauperis may request that service be made by a Marshal. The district court must order the Marshal to do so if the defendant is proceeding in forma pauperis. Fed. R. Civ. P. 4(c)(3); *Richardson v. Clipse*, 602 F.3d 605, 608 (4th Cir. 2010) (in forma pauperis plaintiffs must rely upon the court and the Marshal to effect service). "If a defendant is not served within 90 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). "[I]f the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.* We review a dismissal for insufficient service of process for abuse of discretion. *Shao v. Link Cargo (Taiwan) Ltd.,* 986 F.2d 700, 708 (4th Cir. 1993).

---

[*] Shirley's complaint was also dismissed against other defendants and against Staubs in his official capacity. Shirley does not challenge these dismissals on appeal.

A plaintiff's pro se status is not sufficient to establish good cause. Rather, we can find good cause to extend the service deadline only if the plaintiff made reasonable and diligent efforts to effect service within the 90–day period. In some instances, an inmate-plaintiff may only be required to properly identify the defendant, and the Marshal Service must make reasonable efforts to obtain a current address. *See Sellers v. United States*, 902 F.2d 598, 602 (7th Cir. 1990); *see also Richardson v. Johnson*, 598 F.3d 734, 738-40 (11th Cir. 2010) (noting that Marshal was responsible for serving defendant if such could be done with "reasonable effort").

Here, Shirley responded to every court inquiry and provided the Marshal Service with allegedly the only address Shirley could obtain—Staubs' place of employment. The Marshal Service sent certified mail to Staubs at his place of employment, without requiring Staubs' (or his agent's) personal signature, as required by West Virginia law. *See* W. Va. R. Civ. P. 4. When it became clear that Staubs had left his employment, it does not appear that the Marshal Service made any further inquiry or conducted any further research to determine Staubs' address. The district court made no findings regarding whether Shirley established good cause for his failure to time serve Staubs; whether, as an inmate, Shirley was barred (as he alleged) from obtaining Staubs' home address; or whether the Marshal Service could have served Staubs with reasonable effort. Instead, the court dismissed the complaint, finding only that Shirley had failed to serve Staubs.

We find the district court abused its discretion, and we, thus, vacate the district court's order and remand for further proceedings consistent with this opinion. We dispense

with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*