[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-13757
Non-Argument Calendar
_____

D.C. Docket No. 1:18-cv-01036-MHC

ROBERT RALPH DIPIETRO,

Plaintiff-Appellant,

versus

MEDICAL STAFF AT FULTON COUNTY JAIL,
Nurses, Doctors, Medical Supervisors,
CORIZON HEALTH SERVICES,
Contractor; Employees,
GEORGE HERRON,
Director of Medical Services, Fulton County Jail,
THEODORE JACKSON,
Sheriff, Fulton County; in their individual capacities,
FULTON COUNTY, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(March 4, 2020)

Before WILLIAM PRYOR, JILL PRYOR, and GRANT, Circuit Judges.

PER CURIAM:

Robert Ralph DiPietro, a Georgia prisoner proceeding pro se, appeals the district court's dismissal without prejudice of his civil rights complaint against Fulton County, Georgia; George Herron, Director of Medical Services at Fulton County Jail; Theodore Jackson, Fulton County Sheriff; Corizon Health Services, a contractor that provided medical services to inmates at Fulton County Jail; and "medical staff i.e. nurses, Doctors, medical supervisors, [and] employees of Corizon Health Services, at Fulton County Jail." We affirm.

## I.

DiPietro filed his complaint pursuant to 42 U.S.C. § 1983, alleging that unspecified medical personnel at Fulton County Jail violated his constitutional rights during his detention there in March 2016 by failing to provide treatment for his Xanax withdrawal and his anxiety and depression. He also alleged that, when he told "them" that he was suicidal, he was placed in an observation cell for 15 hours without a bed or blanket, which he alleged was torture. He requested $100,000 in compensatory damages and $50,000 in punitive damages.

A magistrate judge screened DiPietro's complaint under 28 U.S.C. § 1915A and issued a report recommending that the district court dismiss DiPietro's complaint for failure to state a claim upon which relief could be granted. The

2

magistrate judge observed that the named defendants (Fulton County, Medical Director Herron, Sheriff Jackson, and Corizon) could not be held vicariously liable under § 1983 for the actions of their employees or subordinates, and DiPietro had failed to plausibly allege that they had a policy or custom that caused the alleged mistreatment.  The magistrate judge also pointed out that DiPietro had failed identify any specific individuals who had acted with deliberate indifference to his serious medical needs.

On June 4, 2018, DiPietro responded to the magistrate judge's report by requesting an additional 90 days to identify the proper personnel and seeking leave to amend his complaint to allege that the named defendants had a policy or custom that resulted in deliberate indifference to his serious medical needs.  In his motion to amend, DiPietro alleged that the careless attitude and complaints of understaffing by nurses, counselors, and jail staff showed that there was a "deeply entrenched policy or custom" of inadequate medical care at the jail, and that the Sheriff and others were aware of the substandard treatment and encouraged it.  He further alleged that when he complained to nurses at the jail, they told him that the doctors and the doctors' supervisors were aware of his complaints and falsely promised him that he would see a doctor soon.

The district court granted DiPietro's motions in part, giving him until August 8, 2018 to file an amended complaint.  The court warned DiPietro that the

3

failure to file an amended complaint within the specified time would result in the adoption of the magistrate judge's report and the dismissal of the case.

DiPietro did not file an amended complaint; instead, he filed motions for the appointment of counsel and for additional time to obtain his medical records from the jail and identify treating personnel. On August 14, 2018, the district court denied DiPietro's motions, adopted the magistrate judge's report and recommendation, and dismissed DiPietro's complaint without prejudice. This appeal followed.

## II.

Section 1915A of the Prison Litigation Reform Act requires judicial screening of any civil complaint filed by a prisoner who seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Upon review, the court is to identify cognizable claims, if any, or dismiss the complaint or portions thereof that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b). We review a district court's dismissal of a complaint under § 1915A for failure to state a claim de novo, applying the same standards as for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) and Federal Rule of Civil Procedure 12(b)(6). *See Leal v. Georgia Dep't of Corr.*, 254 F.3d 1276, 1279 (11th Cir. 2001). We view the complaint in the light most

favorable to the plaintiff and accept all of the plaintiff's well-pleaded facts as true. *See Dimanche v. Brown*, 783 F.3d 1204, 1214 (11th Cir. 2015). "*Pro se* pleadings are liberally construed." *Id.*

To avoid dismissal of his complaint for failure to state a claim, a plaintiff must allege facts stating "a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). A plausible claim is one that allows a court to draw reasonable inferences that the defendant is liable for the claim. *Id.*

To state a claim for deliberate indifference to a serious medical need in violation of the Eighth or Fourteenth Amendment, a prisoner must allege facts making it plausible that (1) he had a serious medical need; (2) the defendants acted with deliberate indifference to that need; and (3) the defendants' indifference caused his injury. *Melton v. Abston*, 841 F.3d 1207, 1220 (11th Cir. 2016). "Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. And because fictitious-party pleading generally is not permitted in federal court, the plaintiff must specifically identify the parties he is suing, if not by name then by providing a description of each individual that is sufficiently clear and detailed to

5

permit service of process.  *See Richardson v. Johnson*, 598 F.3d 734, 738 (11th

Cir. 2010); *Dean v. Barber*, 951 F.2d 1210, 1215–16 (11th Cir. 1992).

## A.

DiPietro's complaint did not allege any specific action by any of the named

defendants.  Although he did not say so in his complaint, it appears that the named

defendants were sued on the basis of their presumed supervisory authority over the

unnamed medical personnel at Fulton County Jail who DiPietro alleges violated his

constitutional rights.  DiPietro cannot rely on such vicarious liability to state a

claim under § 1983.

To hold an employer or supervisor liable for a constitutional violation, "a

plaintiff must show that the supervisor either directly participated in the

unconstitutional conduct or that a causal connection exists between the

supervisor's actions and the alleged constitutional violation."  *Keith v. DeKalb

Cty.*, 749 F.3d 1034, 1047–48 (11th Cir. 2014).  This connection may be

established by showing that a defendant's custom or policy caused the

constitutional violation, or when facts support an inference that the defendant

directed his subordinates to act unlawfully or knew that the subordinates would act

unlawfully and failed to stop them from doing so.  *Id.* at 1048.

Similarly, to state a claim under § 1983 against a local governing body for

the unconstitutional actions of its employees or agents, a plaintiff must allege facts

6

showing that the municipality had an official policy or custom that constituted deliberate indifference to his constitutional rights, and that the policy or custom caused the constitutional violation alleged in his complaint. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978); *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004). These standards also apply when a private entity like Corizon contracts with a county to provide prison medical services, because the entity is performing "a function traditionally within the exclusive prerogative of the state and becomes the functional equivalent of the municipality under section 1983." *Craig v. Floyd Cty.*, 643 F.3d 1306, 1310 (11th Cir. 2011) (citation and quotation marks omitted).

DiPietro's complaint did not state a claim under § 1983 against any of the named defendants. He did not allege any deliberate action or omission by any of them; nor did he allege that the violation of his constitutional rights was caused by any official policy or custom of the named defendants. Even if we were to construe his motion to amend as a proposed amended complaint, his speculative allegations in the motion that the Sheriff and unnamed doctors and supervisors must have known and approved of the alleged substandard medical treatment do not state a plausible claim for relief against the named defendants. As we have said before, "conclusory allegations, unwarranted deductions of facts or legal

7

conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002).

## B.

Turning to the unnamed "medical staff" defendants, DiPietro does not contest the district court's finding that his complaint failed to adequately identify the medical staff who allegedly refused to treat him. *See Richardson*, 598 F.3d at 738 (description of defendant as a guard at the correctional facility where he was housed was insufficient to identify the defendant from among the many guards at the facility). Instead, DiPietro argues that the district court should have granted his motion for an extension of the deadline to amend his complaint so that he could obtain his medical records and get the names of the treating personnel. DiPietro points out that although the district court dismissed his complaint without prejudice and he has since discovered the names of the medical-staff defendants, a new § 1983 action naming those defendants would be barred by the applicable statute of limitations. *See Lovett v. Ray*, 327 F.3d 1181, 1182 (11th Cir. 2003) (Georgia's two-year statute of limitations applies to § 1983 claims brought in federal court in Georgia).

We review for abuse of discretion a district court's denial of a motion for extension of time. *See Young v. City of Palm Bay*, 358 F.3d 859, 863 (11th Cir. 2004). Under this standard, the "district court has a range of options; and so long

8

as the district court does not commit a clear error in judgment, we will affirm the district court's decision." *Id.*

The district court did not abuse its discretion in denying DiPietro's motion for an additional 90 days to identify the medical providers who allegedly violated his constitutional rights. DiPietro had ample opportunity to obtain his medical records and identify the proper defendants during the nearly two-and-a-half years between the events he described and the district court's August 2018 deadline to amend his complaint—including more than 60 days after the magistrate judge pointed out the deficiencies in his complaint. Even if DiPietro was not able to identify the relevant medical providers by name, he could have filed an amended complaint within the time provided describing the unnamed defendants in sufficient detail to permit service of process. *See Richardson*, 598 F.3d at 738. The district court was not required to give DiPietro unlimited time to investigate his claims.

We also note that, by the time the district court dismissed DiPietro's complaint, both the statute of limitations and the time provided for service of process on the defendants had expired. Accordingly, even if the district court had given DiPietro more time to identify the medical staff defendants and amend his complaint, his claims against the newly identified defendants would have been barred by the statute of limitations unless he could show, among other things, that

9

they had received notice of his lawsuit and knew that they were the intended defendants within the time allowed under Rule 4(m) for service of the summons and complaint. *See* Fed. R. Civ. P. 15(c)(1)(C)(i)–(ii). Given that DiPietro was no longer housed at Fulton County Jail and was unable to describe the defendants with any specificity even after being directed to do so, it seems unlikely that he provided the requisite notice. *Cf. Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) ("Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant.").

### III.

For the foregoing reasons, the district court did not abuse its discretion in denying DiPietro's motion for additional time to amend his complaint and did not err in dismissing the complaint without prejudice for failure to state a claim. We therefore affirm.

**AFFIRMED.**