[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-11083
Non-Argument Calendar
_____

D.C. Docket Nos. 5:16-cv-00689-WTH-PRL; 5:15-cv-00568-WTH-PRL

SHANNON COPELAND,

Plaintiff - Appellant,

versus

JANE DOE,
FNU TERRALONGE,
KIMBERLY ANGEL,
JERRY JOHNSON,
AL JOYNER, et al.,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(August 7, 2020)

Before BRANCH, FAY, and EDMONDSON, Circuit Judges.


PER CURIAM:


Shannon Copeland, a Florida prisoner proceeding through her appointed appellate lawyer, appeals the district court's dismissal of her pro se civil action against several prison officials and staff members ("Defendants").  Briefly stated, Copeland alleges that Defendant prison staff denied her access to basic amenities and services in violation of 42 U.S.C. § 1983.  No reversible error has been shown; we affirm in part and dismiss the appeal in part for lack of jurisdiction.

As background, this appeal stems from two civil actions filed by Copeland against Defendants.  Copeland initiated her first civil action in the district court (case No. 5:15-cv-00568) on 28 October 2015 ("2015 case").  On 8 July 2016, the district court dismissed without prejudice Copeland's 2015 case for failure to prosecute and for failure to comply with court orders.  The district court explained that -- despite two extensions of time and warnings that failure to comply would result in dismissal -- Copeland failed repeatedly to comply with the district court's order to file an amended complaint.

Copeland filed two motions for reconsideration of the 8 July order of dismissal of the 2015 case.  In both motions, Copeland alleged she had tried to file

an amended complaint but that prison staff had tampered with her mail. The district court denied Copeland's motions for reconsideration on 28 July 2016 and on 19 October 2016. Copeland filed no direct appeal.

On 29 November 2016 -- more than four months after the 2015 case had been dismissed -- Copeland filed another complaint against Defendants, which the district court docketed as a second civil action (case No. 5:16-cv-00698) ("2016 case"). On 10 January 2017, the district court -- pursuant to M.D. Fla. Local R. 1.03(e) and 28 U.S.C. § 1914(a) -- dismissed without prejudice Copeland's 2016 case for failure to pay the required filing fee or seek leave to proceed in forma pauperis ("IFP").

On 30 January 2017, Copeland moved for reconsideration of the district court's 10 January order of dismissal of the 2016 case. Copeland asserted that her November 2016 complaint should be treated as an amended complaint in the 2015 case. Copeland said that she had attempted to file an amended complaint in the 2015 case in early July 2016 but that prison staff tampered with the envelope so that the envelope fell apart at the post office. As relief, Copeland requested that her November 2016 complaint be docketed as an amended complaint in the 2015 case. In the alternative, Copeland sought leave to proceed IFP in the 2016 case. Copeland also moved to consolidate the two cases under Fed. R. Civ. P. 42.

3

On 21 February 2017, the district court denied Copeland's motion for reconsideration of the dismissal of the 2016 case. The district court first found that Copeland's allegations about mail tampering lacked merit given that Copeland "has successfully filed through the mail multiple motions, notices, and other various papers in her cases." Then, the district court concluded that Copeland's 2016 case was dismissed properly under Local Rule 1.03(e) and that Copeland had failed to raise new arguments warranting reconsideration or amendment of the judgment for the 2016 case. The district court then denied Copeland's motion for consolidation and denied as moot Copeland's motion for leave to proceed IFP. This appeal followed.

As an initial matter, we must get straight the scope of this appeal. In a civil case, the timely filing of a notice of appeal is a jurisdictional requirement. Green v. DEA, 606 F.3d 1296, 1300 (11th Cir. 2010). A notice of appeal must be filed within 30 days after the entry of the judgment or order being appealed. Fed. R. App. 4(a)(1)(A). When a party files a timely motion for relief from judgment under Fed. R. Civ. P. 59 or 60, the 30-day clock begins to run from the entry of the order disposing of that motion. See Fed. R. App. 4(a)(4)(A). For purposes of Rule 4(a)(4)(A), a motion for relief under either Rule 59 or Rule 60 is "timely" if filed

within 28 days after the pertinent judgment is entered.  See Fed. R. App. 4(a)(4)(A)(vi); Fed. R. Civ. P. 59(e).[1]

In her appellate brief, Copeland focuses chiefly on the district court's dismissal -- for failure to comply with court orders -- of Copeland's 2015 case. Copeland contends that the allegations about mail tampering made in her motions for reconsideration constituted sufficient cause to excuse her failure to amend her complaint timely.  We lack jurisdiction to consider these arguments; Copeland filed no timely notice of appeal from the district court's complained-of orders in the 2015 case.  In the 2015 case, Copeland's time to appeal expired 30 days after the district court denied Copeland's second motion for reconsideration on 19 October 2016.  Copeland filed no notice of appeal until March 2017 -- long after the 30-day time had elapsed.  The 2015 case is done.

Copeland's March 2017 notice of appeal was timely filed only for the district court's orders entered in the 2016 case.  On appeal, Copeland says shortly

---

[1] Although Copeland never specified the rule under which she sought reconsideration, we have said that "[a] motion for reconsideration made after final judgment falls within the ambit of either Rule 59(e) (motion to alter or amend a judgment) or Rule 60(b) (motion for relief from judgment or order)."  See Region 8 Forest Serv. Timber Purchasers Council v. Alcock, 993 F.2d 800, 806 n.5 (11th Cir. 1993).

that the district court erred in dismissing the 2016 case and in denying her motion for reconsideration of that dismissal.[2]

We review for abuse of discretion a district court's dismissal for failure to comply with court rules. Betty K Agencies, Ltd. v. M/V Monada, 432 F.3d 1333, 1337 (11th Cir. 2005). We also review the denial of a motion for reconsideration under an abuse-of-discretion standard. Richardson v. Johnson, 598 F.3d 734, 740 (11th Cir. 2010).

To initiate a civil action in the district court, a plaintiff must pay a filing fee of $350. 28 U.S.C. § 1914(a). A prisoner bringing a civil action may proceed without prepayment of fees by filing an affidavit to proceed IFP. 28 U.S.C. § 1915(a)(1)-(2). In the Middle District of Florida, a prisoner's case is subject to sua sponte dismissal by the district court if the filing fee is not paid or if the application to proceed IFP is not filed within 30 days of the commencement of the action. M.D. Fla. Local R. 1.03(e). A district court's local rules have "the force of law" if those rules are adopted using proper procedures and are consistent with federal statutes and rules. See Hollingsworth v. Perry, 558 U.S. 183, 191 (2010); Fed. R. Civ. P. 83(a). No argument has been presented that the pertinent local rule is defective in some way.

---

[2] Copeland raises no argument challenging the district court's denial of her untimely-filed application for leave to proceed IFP in the 2016 case or the district court's denial of her motion to consolidate the two cases. As a result, those rulings are not before us on appeal.

6

The district court abused no discretion in dismissing without prejudice Copeland's 2016 case. That Copeland failed to pay the required filing fee and failed to apply to proceed IFP within 30 days of filing her complaint is undisputed. Copeland's case was thus subject to dismissal under Local Rule 1.03(e).

Nor did the district court abuse its discretion in denying Copeland's motion to reconsider that dismissal. In her motion for reconsideration, Copeland never disputed the accuracy of the district court's reasons for dismissing her 2016 case: the failure to pay filing fees or move to proceed IFP. Copeland also identified no newly discovered evidence, manifest errors of law or fact, or other ground warranting relief under Rules 59(e) or 60(b), from the dismissal of her 2016 case. See Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007) ("The only grounds for granting a Rule 59 motion are newly-discovered evidence or manifest errors of law or fact." (alteration omitted)); Fed. R. Civ. P. 60(b) (permitting relief from a final judgment due to: (1) mistake, inadvertence, surprise, excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation or misconduct by an opposing party; (4) the judgment being void; (5) the judgment being satisfied, released, or discharged; or (6) any other reason justifying relief). Copeland has contended only that the alleged mail tampering excused her failure to comply with court orders in the then-closed 2015 case: nothing about the 2016 case dismissal.

7

To the extent Copeland seeks to appeal the district court's orders entered in the 2015 case, we dismiss the appeal for lack of jurisdiction.  We affirm the district court's orders dismissing without prejudice the 2016 case and denying reconsideration.[3]

AFFIRMED IN PART; DISMISSED IN PART.

---

[3] Because we conclude that no remand is appropriate, we deny as moot Copeland's request that this Court direct the district court to appoint counsel on remand.