[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-12320
Non-Argument Calendar
_____

D.C. Docket No. 2:20-cv-14157-RLR


SANDRA SHEPHERD,
EARL SHEPHERD,
individually,

                                                    Plaintiffs-Appellants,

versus

U.S. BANK, NATIONAL ASSOCIATION,
As Trustee for Structured Asset Investment
Loan Trust, Mortgage Pass-Through Certificates
Services 2005-4,
DOES 1-10,

                                                    Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(December 9, 2020)

Before WILSON, ROSENBAUM, and BRANCH, Circuit Judges.

PER CURIAM:

Sandra and Earl Shepherd appeal the district court's dismissal for lack of subject matter jurisdiction of their civil suit against U.S. Bank, National Association. Although the district court erred in relying on the *Rooker-Feldman* doctrine,[1] we affirm because we conclude the district court appropriately abstained from exercising its jurisdiction under the *Younger*[2] abstention doctrine.

The Shepherds filed a complaint against U.S. Bank seeking declaratory and injunctive relief to prevent the foreclosure on a residential property located in Florida and to quiet title. The Shepherds alleged that they inherited the property and that the property was secured by a mortgage currently held by U.S. Bank. According to the Shepherds, U.S. Bank unilaterally modified the mortgage loan contract in a scheme to defraud the borrower, and therefore the modified contract was unenforceable as a matter of law. The Shepherds acknowledged in the underlying complaint that a Florida state court had entered a judgment against them in a foreclosure proceeding concerning the property, and that they were currently appealing that judgment to the Florida Fourth District Court of Appeal.

---

[1] *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1986) (doctrine that precludes federal courts from reviewing state court judgments).

[2] *Younger v. Harris*, 401 U.S. 37 (1971) (providing that generally federal courts will not interfere with pending state judicial proceedings).

Among the relief sought, the Shepherds requested that the district court declare the contract unenforceable, issue an injunction that prohibited the scheduled sale of the property until the merits of this case could be decided, order disgorgement of all the profits obtained by U.S. Bank as a result of the sale or use of the plaintiffs' personal information, and quiet title.

The district court *sua sponte* dismissed the complaint for lack of subject matter jurisdiction, citing the *Rooker-Feldman* doctrine.  The Shepherds filed a motion for reconsideration, arguing that their complaint was not barred by the *Rooker-Feldman* doctrine because they were precluded from raising these defenses in the state foreclosure action due to the state court's grant of U.S. Bank's motion in limine.  They maintained that the district court could entertain the complaint because the injury they were complaining of was not caused by the foreclosure judgment and they were not seeking review or rejection of the state-court judgment.  The district court entered a paperless order denying the motion for reconsideration.  The Shepherds appeal the order dismissing the case for lack of subject matter jurisdiction and the denial of the motion for reconsideration.

"We review dismissals for lack of subject matter jurisdiction *de novo*." *Nicholson v. Shafe*, 558 F.3d 1266, 1270 (11th Cir. 2009).  "We review the denial of a motion for reconsideration for an abuse of discretion."  *Richardson v. Johnson*, 598 F.3d 734, 740 (11th Cir. 2010).

3

The *Rooker-Feldman* doctrine is a jurisdictional rule that precludes federal district courts from reviewing final state court judgments. *Lozman v. City of Riviera Beach*, 713 F.3d 1066, 1072 (11th Cir. 2013). The doctrine "is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Following *Exxon Mobil*, we held that where an appeal of the state court judgment remains pending at the time the plaintiffs commence their federal action, the "state court proceedings have not ended for purposes of *Rooker-Feldman*." *Nicholson*, 558 F.3d at 1279. At the time of the filing of the Shepherds' complaint in the district court, the state foreclosure proceedings in the Florida courts remained pending on appeal and therefore *Rooker-Feldman* did not divest the district court of jurisdiction. *Id.* Accordingly, the district court's reliance on the *Rooker-Feldman* doctrine was error.

Nevertheless, we conclude that dismissal of the action was appropriate under the *Younger* abstention doctrine. While this abstention doctrine applies most often in cases involving pending state criminal prosecutions, the Supreme Court has extended it to apply to pending "state civil proceedings that are akin to criminal prosecutions, or that implicate a State's interest in enforcing the orders and

4

judgments of its courts." *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72–73 (2013) (internal citation omitted). Abstention under *Younger* is appropriate when: (1) the federal proceeding would interfere with ongoing state judicial proceedings; (2) the state proceedings implicate important state interests; and (3) the plaintiffs have an adequate state remedy available. *31 Foster Children v. Bush*, 329 F.3d 1255, 1274–75 (11th Cir. 2003) (citing *Middlesex Cty. Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). We must "assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary." *Id.* at 1279 (quoting *Pennzoil Co v. Texaco, Inc.*, 481 U.S. 1, 15 (1987)). The plaintiffs bear the burden of overcoming this presumption "by demonstrating that the state remedies are inadequate." *Id.*

In this case, the requested relief of an injunction preventing the foreclosure sale and quiet title would unduly interfere with the ongoing state foreclosure proceedings in numerous ways and would effectively nullify the state trial court foreclosure judgment. The state has a legitimate interest in the validity of its judgments as well as an important state interest in determining disputes that affect title to Florida property. *See Sprint Commc'ns*, 571 U.S. at 73; *Pennzoil*, 481 U.S. at 13. Although the Shepherds claim that they were not able to present the arguments they assert in the underlying federal complaint in the state court because the state court granted U.S. Bank's motion in limine to exclude these arguments,

5

an adverse ruling in state court proceedings does not mean that they do not have an adequate state remedy.[3]  The Shepherds have not met their burden of demonstrating that the state remedies are inadequate.  *See 31 Foster Children*, 329 F.3d at 1279–81.

Accordingly, because dismissal of the action was appropriate, albeit under the *Younger* abstention doctrine instead of the *Rooker-Feldman* doctrine, we affirm.  Finally, it follows necessarily that, because dismissal was appropriate under the *Younger* abstention doctrine, the district court did not abuse its discretion in denying the motion for reconsideration.

**AFFIRMED.**

---

[3] Indeed, allowing parallel federal litigation to raise defenses concerning the Florida property that the state trial court excluded in the state foreclosure proceedings would allow the Shepherds to circumvent the state judicial process itself, which further demonstrates why abstention is appropriate under the facts of this case.  *See Pennzoil*, 481 U.S. at 12–14 (discussing state's interest in administering their judicial systems).