[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-14529
Non-Argument Calendar

_____

D.C. Docket No. 1:16-cr-20394-JEM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIAM RAYMUNDO SEQUEIRA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(September 22, 2021)

Before WILLIAM PRYOR, Chief Judge, WILSON and ROSENBAUM, Circuit
Judges.

PER CURIAM:

William Sequeira, a federal prisoner, appeals *pro se* the denial of his motions for compassionate release and to reconsider its adverse ruling. 18 U.S.C. § 3582(c)(1)(A). The district court ruled that the statutory sentencing factors weighed against granting Sequeira a sentence reduction. *See id.* § 3553(a). Sequeira argues that he was entitled to release due to the threat COVID-19 poses to his health and that the district court violated his rights to due process and to avoid being twice put in jeopardy by finding that he continued to pose a danger to the community without holding an evidentiary hearing. We affirm.

Sequeira moved to reduce his sentence based on the First Step Act of 2018. Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018). He sought a reduction based on his age of 60 and his hypertension, which he alleged increased his risk to experience complications from COVID-19. Sequeira alleged that he had served 45 months of his sentence of 120 months of imprisonment following his plea of guilty to receiving material involving the sexual exploitation of minors, 18 U.S.C. § 2252(a)(2), and that he posed no danger to society. The government opposed Sequeira's motion and argued that his hypertension did not constitute an extraordinary and compelling reason to reduce his sentence because the Bureau of Prisons had taken measures to combat COVID-19 and no inmate at his facility had

2

tested positive for the virus and that the completion of his sentence was necessary to protect the community and children.

The district court denied Sequeira's motion on the ground that the "totality of the circumstances did not warrant . . . release." The district court found that the risk Sequeira posed to the "safety of the community—especially children" outweighed the risk posed by his hypertension because the Bureau had "implemented heightened measures . . . to sharply mitigate the risks of COVID-19 transmission." The district court stated that Sequeira's "120-month sentence is a reflection of such worry [for public safety], and . . . [he] failed to set forth any reason to believe that he no longer poses such a threat."

We review the denial of motions for compassionate release and for reconsideration for abuse of discretion. *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021) (release); *United States v. Simms*, 385 F.3d 1347, 1356 (11th Cir. 2004) (reconsideration). "A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous." *Harris*, 989 F.3d at 911 (quoting *Cordoba v. DIRECTV, LLC*, 942 F.3d 1259, 1267 (11th Cir. 2019)). "When review is only for abuse of discretion, it means that the district court had a 'range of choice' and that we cannot reverse just because we might have come to a different conclusion had it been our call to make." *Id.* at 912.

3

The district court did not abuse its discretion by denying Sequeira's motion for compassionate release. The district court reasonably determined that the nature and circumstances of Sequeira's crime, the need to protect the public, and the need to deter him from similar future criminal conduct weighed against reducing his sentence. *See* 18 U.S.C. § 3553(a). The district court accorded substantial weight to Sequeira's offense, which involved accessing 102 video files, more than half of which exceeded five minutes, and 32 images of toddlers being sexually abused, and reasoned that he still posed a danger to children. That the district court at sentencing granted Sequeira's motion for a downward variance based on a psycho-sexual evaluation that "indicate[d] that he [was] not likely to be a recidivist" does not conflict with its later refusal to reduce Sequeira's sentence on the basis his offense warranted a 120-month sentence and he should have to serve more than 45 months to satisfy the statutory purposes of sentencing. Sequeira was not entitled to, nor was the district court obligated to hold, a hearing before denying his motion. *See United States v. Caraballo-Martinez*, 866 F.3d 1233, 1249 (11th Cir. 2017). We cannot say that the district court abused its discretion by determining that the sentencing factors weighed against Sequeira's early release.

The district court also did not abuse its discretion when it denied Sequeira's motion for reconsideration. "The only grounds for granting a Rule 59 motion are newly-discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500

F.3d 1335, 1343 (11th Cir. 2007) (quoting *In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir. 1999)) (alteration adopted). So, as the district court stated, Sequeira could not use his motion to reconsider to "re-assert arguments previously raised in his Motion for Compassionate Release/Reduction in Sentence" and "ask the Court to rethink what [it] already thought through." *See Richardson v. Johnson*, 598 F.3d 734, 740 (11th Cir. 2010) ("A motion for reconsideration cannot be used 'to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment.'").

We **AFFIRM** the denial of Sequeira's motion for compassionate release.