[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-12464
Non-Argument Calendar
_____

D.C. Docket No. 4:19-cv-00266-AW-MAF


TERRILL L. AILEP,

                                        Plaintiff - Appellant,

versus

DALAN MCDONALD,
Corrections Officer,
LORI NORWOOD,
Former AWP,
JAVIER JONES,
Asst Warden,

                                        Defendants - Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(September 29, 2021)

Before ROSENBAUM, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

Terrill Lamar Ailep, a Florida prisoner proceeding *pro se*, appeals the *sua sponte* dismissal of his civil rights complaint under 42 U.S.C. § 1983 as barred by *res judicata* and for failure to state claim. The record shows that, in 2017, Ailep filed a complaint in the United States District Court for the Southern District of Florida in case number 1:17-cv-22815 ("*Ailep I*"), naming the following parties as defendants: Dade Correctional Institution ("DCI") Sergeant Dalan McDonald; Lori Norwood, a DCI official, Lori Norwood; and DCI Assistant Warden Javier Jones. In the *Ailep I* complaint, Ailep alleged that the defendants were liable for improperly depriving him of personal property when they moved him to administrative confinement in 2016. The district court dismissed this complaint.

In 2019, Ailep filed the present complaint in the Northern District of Florida and once again named, as defendants, McDonald, Norwood, and Jones. In this complaint, he challenged the same deprivation of property alleged in *Ailep I*. A magistrate judge reviewed Ailep's complaint and issued a report on March 25, 2020, taking judicial notice of the proceedings in *Ailep I* and recommending that the district court dismiss the action because it was barred by *res judicata* and, alternatively, Ailep failed to state a claim. On May 12, 2020, the district court issued an order

adopting the magistrate judge's report and recommendation, and Ailep filed this appeal.

On appeal, Ailep argues that dismissal was unwarranted because his claims in the instant case were based, at least in part, on the harm caused by the deprivation of property in the years since *Ailep I* was dismissed. Additionally, he argues that the defendants intentionally deprived him of his property, that state law does not provide him an adequate remedy, and that, as such, the deprivation of his property violated the Eighth and Fourteenth Amendments. For ease of reference, we will address each point in turn.

I.

We review the district court's application of *res judicata de novo*. *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003). "*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). "Nevertheless, we cannot act as de facto counsel or rewrite an otherwise deficient pleading to sustain an action." *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020).

In civil cases, we will generally not consider an issue that was not raised in the district court. *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004). Similarly, when an appellant fails to identify a particular issue in his

brief for this Court or fails to sufficiently argue the merits of his position on an identified issue, he is deemed to have abandoned it. *Hamilton v. Southland Christian Sch., Inc.*, 680 F.3d 1316, 1318–19 (11th Cir. 2012).

*Res judicata* bars the parties to a prior action from relitigating the same causes of action that were, or could have been, raised in that prior action, if that action resulted in a final judgment on the merits. *In re Piper Aircraft Corp.*, 244 F.3d 1289, 1296 (11th Cir. 2001). *Res judicata* applies when the following elements are satisfied: (1) the prior decision was rendered by a court of competent jurisdiction; (2) there was a final judgment on the merits; (3) both cases involve the same parties or their privies; and (4) both cases involve the same causes of action. *Id.*

With respect to the final *res judicata* element, a case involves the same causes of action where the claim is based on "the same nucleus of operative facts." *Id.* at 1297 (quoting *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1239 (11th Cir. 1999)). Put another way, "claims are part of the same cause of action for res judicata purposes when they arise out of the same transaction or series of transactions." *Id.* at 1296–97. We have held that "the determination of whether the causes of action in two proceedings are the same is governed by whether the primary right and duty are the same." *Manning v. City of Auburn*, 953 F.2d 1355, 1358 (11th Cir. 1992). "The test is one of substance, not form." *Id.* Thus, the *res judicata* doctrine applies "not only to the precise legal theory presented in the previous litigation, but to all

legal theories and claims arising out of the same 'operative nucleus of fact.'" *Id*. at 1358–59 (quoting *NAACP v. Hunt*, 891 F.2d 1555, 1561 (11th Cir. 1990)).

Here, there was no dispute that the district court in the Southern District of Florida was a "court of competent jurisdiction" when it dismissed *Ailep I*. Additionally, the defendants in *Ailep I* and those in the instant case are identical, satisfying the third element of *res judicata*. As to the second *res judicata* element, Ailep did not argue before the district court that the dismissal of *Ailep I* was not a final judgment nor does he make that argument on appeal. Accordingly, we need not reach that issue. *See Hamilton*, 680 F.3d at 1318–19.

Finally, Ailep's preserved challenge—to the conclusion that he was raising the same claims here as in *Ailep I*—fails. The injuries alleged in *Ailep I* and this suit all center around the same deprivation of Ailep's property following his move to administrative confinement and the failure of prison officials to adequately remedy it. The two actions were thus based on the same nucleus of operative facts, and the district court did not err in applying the doctrine of *res judicata* to this action. Accordingly, we affirm in this respect.[1]

---

[1] To the extent Ailep also argues that the district court should have transferred his case instead of dismissing it, we decline to address this argument, as he did not raise this argument to the district court.

II.

For the sake of thoroughness, we also address the district court's alternative basis for dismissing the action, i.e When a district court dismisses an action *sua sponte* under 28 U.S.C. § 1915(e)(2)(B)(ii), the standard of review is the same as if the district court had dismissed it in response to a motion under Federal Rule of Civil Procedure 12(b)(6). *Henley v. Payne*, 945 F.3d 1320, 1331 (11th Cir. 2019). Thus, our review of the dismissal is *de novo*, and we treat all factual allegations in the operative complaint as true while taking all reasonable inferences in the plaintiff's favor. *Id.* at 1326. To survive scrutiny under Rule 12(b)(6) or § 1915(e)(2)(B)(ii), a complaint must contain sufficient factual matter which, accepted as true, states a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The Supreme Court has held that the Due Process Clause is not implicated when a state official's negligent act causes an unintended loss of life, liberty, or property. *Daniels v. Williams*, 474 U.S. 327, 328 (1986). As for intentional deprivations of property by state officials, the Supreme Court has held that no Fourteenth Amendment violation occurs where a "meaningful postdeprivation remedy" is available. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). "*Hudson* made clear that as long as *some* adequate post deprivation remedy is available, no due process violation has occurred." *Lindsey v. Storey*, 936 F.2d 554, 561 (11th Cir.

1991).  For example, a civil cause of action for the wrongful taking of property by agents of the state is an adequate remedy for an intentional deprivation of property. *Id.*  And Florida state tort law provides such a remedy for unauthorized seizures of personal property by state officers.  *See* Fla. Stat. § 768.28 (waiving sovereign immunity for "loss of property . . . caused by the negligent or wrongful act or omission of any employee" of a state agency while acting within the scope of employment); *see also Case v. Eslinger*, 555 F.3d 1317, 1331 (11th Cir. 2009).

"To state an Eighth Amendment claim under § 1983, a prisoner must allege facts to satisfy both an objective and subjective inquiry regarding a prison official's conduct." *Richardson v. Johnson,* 598 F.3d 734, 737 (11th Cir. 2010).  "Under the objective component, a prisoner must allege a prison condition that is so extreme that it poses an unreasonable risk of serious damage to the prisoner's health or safety." *Id.*  Generally, "prison conditions rise to an Eighth Amendment violation only if they 'involve the wanton and unnecessary infliction of pain.'" *Chandler v. Crosby,* 379 F.3d 1278, 1289 (11th Cir. 2004) (quoting *Rhodes v. Chapman,* 452 U.S. 337, 347 (1981)).  As to the subjective component, "the prisoner must allege that the prison official, at a minimum, acted with a state of mind that constituted deliberate indifference." *Richardson*, 598 F.3d at 737.  "[D]eliberate indifference has three components: (1) subjective knowledge of a risk of serious harm; (2)

disregard of that risk; (3) by conduct that is more than mere negligence." *Id.* (quoting *Farrow v. West*, 320 F.3d 1235, 1245 (11th Cir. 2003)).

Although the district court construed Ailep's complaint as potentially alleging that the deprivation of his property by the defendants was intentional, he did not allege that the deprivation was done with the intent of causing him physical pain or putting his health at risk, or that it actually caused him injury. We therefore conclude that the district court did not err in determining that Ailep failed to state a claim under the Eighth Amendment.

As to Ailep's argument concerning his Fourteenth Amendment claim, this argument confuses the availability of a meaningful post deprivation remedy for an intentional deprivation of property with the provision of that remedy in his case. Because Florida law provides for a civil action against the state and its agencies for both intentional and negligent deprivations of property, and because we have held that such a cause of action is sufficient, s*ee Case*, 555 F.3d at 1331, Ailep cannot state a claim under the Fourteenth Amendment for intentional deprivation of property. We therefore conclude that the district court did not err in determining that Ailep failed to state a claim under the Fourteenth Amendment for intentional deprivation of property.

Accordingly, for the reasons stated, we affirm the district court's dismissal of Ailep's complaint.

**AFFIRMED.**