[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 20-13536

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SANDCHASE CODY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:10-cr-00035-JDW-CPT-1

_____

Before WILLIAM PRYOR, Chief Judge, JILL PRYOR and BRANCH, Circuit Judges.

PER CURIAM:

Sandchase Cody, a federal prisoner, appeals *pro se* the *sua sponte* denial of his third motion for compassionate release and the denial of his motion to reconsider. 18 U.S.C. § 3582(c)(1)(A). The district court ruled that Cody failed to identify extraordinary and compelling reasons for early release, U.S.S.G. § 1B1.13, and, in the alternative, that the statutory sentencing factors weighed against granting his motion, 18 U.S.C. § 3553(a). The district court also denied Cody's motion to reconsider because it only reiterated his earlier arguments. We affirm.

We review the denial of motions for compassionate release and for reconsideration for abuse of discretion. *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021) (release); *United States v. Simms*, 385 F.3d 1347, 1356 (11th Cir. 2004) (reconsideration). "A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous." *Harris*, 989 F.3d at 911 (quoting *Cordoba v. DIRECTV, LLC*, 942 F.3d 1259, 1267 (11th Cir. 2019)).

A district "court may not modify a term of imprisonment once it has been imposed" except under certain circumstances. 18 U.S.C. § 3582(c); *see United States v. Jones*, 962 F.3d 1290, 1297

(11th Cir. 2020). Section 3582(c), as amended by the First Step Act, gives the district court discretion to "reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable" if a reduction is warranted for "extraordinary and compelling reasons" and "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). So the district court may deny a motion to reduce because no "extraordinary and compelling reasons" exist or because relief is inappropriate based on the statutory sentencing factors.

We need not address Cody's argument that the statutory sentencing factors weighed in favor of early release because we can affirm on the alternative ground that he failed to establish an extraordinary and compelling reason to justify his early release. Cody argued that his medical conditions of asthma, hypertension, glaucoma, and high cholesterol increased the risk that COVID-19 would make him seriously ill. The district court found that none of Cody's medical conditions, for which he "provide[d] [no] documentation" to prove they "substantially diminish[ed] his ability to provide self-care" in prison, qualified as extraordinary and compelling enough to warrant early release. See *Harris*, 989 F.3d at 912; U.S.S.G. § 1B1.13 cmt. n.1. The district court also found that Cody's concerns about possible exposure to COVID-19 and his rehabilitation in prison did not warrant compassionate release. See *id.* § 1B1.13 cmt. n.3. And the district court correctly reasoned that a reduction of Cody's sentence had to comport with the definition

of "extraordinary and compelling reasons" in section 1B1.13. *See United States v. Bryant*, 996 F.3d 1243, 1252–62 (11th Cir.), *petition for cert. filed*, No. 20-1732 (U.S. June 10, 2021).

Cody also argues, for the first time, that his situation is "extraordinary" because he would not be classified as a career offender were he sentenced under the present version of the Sentencing Guidelines. Under plain error review, *United States v. Monroe*, 353 F.3d 1346, 1349 (11th Cir. 2003), Cody's argument fails because the alleged illegality of his sentence is not a basis for compassionate release. *See* § 1B1.13 cmt. n.1.

The district court also did not abuse its discretion when it denied Cody's motion for reconsideration. "A motion for reconsideration cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *See Richardson v. Johnson*, 598 F.3d 734, 740 (11th Cir. 2010) (internal quotation marks omitted). As the district court stated, Cody "presented [no] new evidence" and could not use his motion to reconsider to "reiterate arguments that he previously made."

We **AFFIRM** the denial of Cody's motion for compassionate release.