[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-13304

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 3, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-00017-CR-JOF-2-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LINDSEY ORR,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(April 3, 2009)

Before TJOFLAT, ANDERSON, and STAPLETON,* Circuit Judges.

PER CURIAM:

_____
*Honorable Walter K. Stapleton, United States Circuit Judge for the Third Circuit, sitting by
designation.

After oral argument and careful consideration, we conclude that the judgment of the district court is due to be affirmed. Orr's primary argument on appeal is his challenge to the aiding and abetting instruction for failure to explicitly instruct the jury that the government must prove that Orr knew that his co-defendant would carry a firearm in the Wachovia robbery, and for failure to expressly charge the jury that the government must prove a linkage between Orr and the gun in that robbery. Because Orr did not object during trial, our review is for plain error. Because the instruction actually given came so close to an adequate instruction in both respects, we have some doubt there was error. Moreover, even if there was some error, the instruction was so nearly error-free that any error was not obvious. Finally, Orr falls far short of showing that any error affected his substantial rights. We reject Orr's argument that we should completely disregard Minton's testimony; although he was impeached with respect to who wrote the note found in Orr's apartment, his testimony was corroborated in substantial respects. Moreover, there was substantial other evidence that Orr actually carried the firearm in the Bank of America robbery; and that, with respect to the Wachovia robbery, that Orr knew that Minton would carry the firearm and that Orr had a sufficient linkage to the firearm.

Orr's sufficiency argument, and his suppression argument are all wholly

without merit, as is Orr's challenge to the government's closing argument about witness McGlothin.  As to Orr's other challenges to the government's arguments to the jury, we readily conclude there was no reversible error.

AFFIRMED.