[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-14179

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LINDSEY ORR,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:07-cr-00017-AT-JFK-2

_____

Before WILLIAM PRYOR, Chief Judge, LUCK and LAGOA, Circuit Judges.

PER CURIAM:

Lindsey Orr, a federal prisoner, appeals the denial of his motion for compassionate release and the denial of his motion to reconsider. 18 U.S.C. § 3582(c)(1)(A). The district court ruled that the statutory sentencing factors weighed against granting Orr sentencing relief, *id.* § 3553(a), and denied Orr's motion to reconsider its decision on the grounds that it had "appropriately considered" the statutory sentencing factors and that Orr had failed to identify extraordinary and compelling reasons to warrant early release, U.S.S.G. § 1B1.13. The United States moves for a summary affirmance and to stay the briefing schedule. Because "the position of [the United States] . . . is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case," *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969), we grant the motion for summary affirmance and dismiss as moot the motion to stay the briefing schedule.

A jury convicted Orr of two counts of aiding and abetting armed bank robbery, 18 U.S.C. §§ 2, 2113(a), (d), and two counts of brandishing a firearm during a crime of violence, *id.* §§ 2, 924(c). The district court sentenced Orr to 57 months of imprisonment for the two robberies and to mandatory minimum sentences of 84 months and 300 months for his firearm convictions, with each of

his sentences running consecutively. On appeal, we affirmed Orr's convictions. *United States v. Orr*, 322 F. App'x 741 (11th Cir. 2009).

Orr moved for compassionate relief. 18 U.S.C. § 3582(c)(1)(A). He argued that changes in the First Step Act to sentences for multiple firearm offenses constituted an extraordinary and compelling reason to reduce his sentence. Orr also argued that his good behavior and rehabilitation in prison warranted a sentence reduction.

The district court denied Orr's motion to reduce his sentence. Based on the "terrifying and violent" nature of Orr's two bank robberies, during which he "carried a gun and threatened" to kill "several people . . . if they did not comply with his demands," in a way that "caused lasting and damaging trauma in [his] victims," the district court determined that "releasing [Orr after serving only 15 years in prison] . . . would not serve the factors in section 3553(a)." The district court also determined that "the seriousness of the nature and circumstances of [Orr's] offense . . . [and the need to] provide just punishment" outweighed his "lack of criminal history and his substantial rehabilitative efforts while in prison." And the district court declined "to consider whether extraordinary and compelling circumstances warrant[ed] relief" or whether Orr "remain[ed] a danger to safety of any other person or to the community as provided in 18 U.S.C. § 3142(g)."

The district court also denied Orr's motion to reconsider. The district court reiterated that the statutory sentencing factors did "not weigh in favor of [Orr's] release at this juncture." And

based on our intervening decision in *United States v. Bryant*, 996 F.3d 1243 (11th Cir. 2021), *cert. denied*, 142 S. Ct. 583 (2021), the district court ruled that Orr had failed to identify an extraordinary and compelling reason for early release, U.S.S.G. § 1B1.13.

Summary affirmance is appropriate because there is no substantial question that Orr is not entitled to compassionate release. *See Groendyke*, 406 F.2d at 1162. Orr does not dispute that the district court could deny his motion to reduce based solely on its determination that relief was inappropriate based on the statutory sentencing factors. *See United States v. Tinker*, 14 F.4th 1234, 1237–38 (11th Cir. 2021). Nor does Orr contest the weight that the district court assigned those factors. The district court was not required to resolve whether Orr had identified extraordinary and compelling reasons for early release because "the result would be the same—denial—[because] the § 3553(a) factors militate against a sentence reduction." *Id.* at 1239. Even so, the district court correctly denied Orr's motion for reconsideration on the ground that any reduction had to comport with the definition of "extraordinary and compelling reasons" in section 1B1.13. *See Bryant*, 996 F.3d at 1252–62. And Orr could not use his "motion for reconsideration . . . to relitigate" how the district court weighed the sentencing factors. *See Richardson v. Johnson*, 598 F.3d 734, 740 (11th Cir. 2010).

We **GRANT** the motion for summary affirmance, **AFFIRM** the denial of Orr's motion for compassionate release, and **DISMISS AS MOOT** the motion to stay the briefing schedule.