[DO NOT PUBLISH]

In the

# United States Court of Appeals

For the Eleventh Circuit

_____

No. 23-10609

Non-Argument Calendar

_____

WASEEM DAKER,

Plaintiff-Appellant,

*versus*

TIMOTHY WARD,
GDC Assistant Commissioner, et al.,

Defendants,

ROBERT TOOLE,
GDC Field Operations Director,
GEORGIA DEPARTMENT OF CORRECTIONS,
GREGORY MCLAUGHLIN,
Former Warden at Macon State Prison,

2                    Opinion of the Court                    23-10609

PETER EADDIE,
TIMOTHY SALES,
Macon State Prison Wardens of Security, et al.,

                                                Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 5:19-cv-00126-MTT-CHW

_____

Before WILSON, JILL PRYOR, and LUCK, Circuit Judges.

PER CURIAM:

Waseem Daker, a Georgia state prisoner proceeding *pro se*, brought this action against the Georgia Department of Corrections ("GDOC") as well as dozens of current and former GDOC employees. The district court initially dismissed Daker's claims under Federal Rule of Civil Procedure 4(m) because he failed to timely serve the defendants. This Court vacated that order because the district court had failed to consider whether other circumstances warranted an extension of time for Daker to complete service. Upon remand, the district court considered the case anew and again dismissed Daker's claims under Rule 4(m). Daker has appealed the dismissal. After careful consideration, we affirm.

## I.

As relevant to this appeal, Daker, a Muslim man, alleged that GDOC adopted a policy that prohibited him from growing a fist-length beard, as required by his religion. He also alleged that the defendants forcibly shaved him. He named GDOC and dozens of its current and former employees as defendants in this action. When Daker filed his complaint, he paid a filing fee.

As required by the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A, the magistrate judge *sua sponte* reviewed Daker's complaint and concluded that some of his claims could proceed for further factual development.[1] The magistrate judge ordered Daker to serve the defendants.

Daker asked the district court several times to order the United States Marshals Service ("USMS") to effectuate service upon the defendants. *See* Fed. R. Civ. P. 4(c)(3) (providing that a district court "may" order USMS to effectuate service). Daker requested that the USMS complete service because as an incarcerated person he lacked access to resources that would allow him to identify and hire a private process server. Also, Daker said that he needed USMS's assistance because he did not have the individual defendants' home addresses. He pointed out, too, that a private process server would not be able to serve the individual defendants where

---

[1] The district court dismissed without prejudice other claims raised in Daker's complaint, concluding that they were frivolous, duplicative, malicious, or failed to state a claim. Those claims are not at issue in this appeal.

they worked (at prisons) because the process server would not be able to obtain access inside the prisons.

The district court denied these motions. Because Daker was not proceeding *in forma pauperis*, the district court explained, it had the discretion to order USMS to serve the defendants. The district court elected not to exercise this discretion because it found that Daker had the "means and ability to retain a process server." Doc. 50 at 2.[2] The court also observed that in other cases Daker had been able to perfect service.

The district court dismissed Daker's complaint without prejudice for failure to serve the defendants. *See* Fed. R. Civ. P. 4(m). At the time the district court dismissed the complaint, more than seven months had passed since it had denied Daker's initial request that USMS serve the defendants.

Daker appealed, and we vacated the dismissal. *See Daker v. Ward*, No. 21-13660, 2022 WL 17076984 (11th Cir. Nov. 18, 2022) (unpublished). We explained that under Federal Rule of Civil Procedure 4(m), when a plaintiff failed to serve a defendant within 90 days of filing the complaint, the district court generally had to dismiss the action without prejudice as to that defendant or order service to be made within a specified time. *Id.* at *4. We acknowledged that the district court was required to extend the time period when the plaintiff showed "good cause" for the failure. *Id.* (quoting Fed. R. Civ. P. 4(m)). In addition, the district court had to consider

---

[2] "Doc." numbers refer to the district court's docket entries.

whether other circumstances warranted an extension of time. *Id.* Because the district court had not expressly considered "whether the statute of limitations, or any other circumstances, . . . warranted . . . an extension of time," we vacated the district court's decision and remanded for further proceedings. *Id.* at *5.

On remand, Daker again urged the district court to order USMS to serve the defendants because of the difficulties that he faced in hiring a process server while incarcerated. Daker explained that in the past he had relied upon a friend who was not incarcerated to assist him by "looking up or calling a process server on his behalf," but this friend was no longer available to help him. Doc. 75 at 11. Daker also pointed out that many of the defendants were no longer employed by GDOC, and he did not have their home addresses. Given these challenges, Daker asked the court to order USMS to effectuate service. For these same reasons, Daker argued, he had established good cause for an extension of time to complete service of process. He also argued that other circumstances warranted an extension of his deadline to serve the defendants because the limitations periods for all his claims had expired.

In addition, Daker filed a motion asking the district court to issue a subpoena to GDOC. The subpoena sought records from GDOC showing each defendant's "current or last known address, phone number, date of birth, or social security number." Doc. 71 at 2. Daker claimed that he needed this information so that he could provide it to USMS "or other process servers." *Id.*

The district court again rejected Daker's request that it order USMS to serve the defendants. The court noted, as it had before, that because Daker was not proceeding *in forma pauperis*, the court was not required to order USMS to serve the defendants. The court did not direct USMS to complete service because Daker could afford to hire a process server and thus could have effectuated service by using "his access to mail to contact and hire a process server or counsel, which is what the Court previously advised him to do." Doc. 79 at 4–5.

The district court then dismissed Daker's complaint based on his failure to timely serve the defendants. Although more than two years had passed since the court first directed Daker to serve the defendants and nearly two years had passed since the court had denied Daker's initial request for USMS to serve the defendants, he had not served a single defendant. The district court found that Daker had been given "ample time and opportunity to perfect service." *Id.* at 5. But instead of hiring a process server, the court said, Daker had "stood on his insistence that the [c]ourt order the [USMS] to serve the defendants." *Id.* It thus determined that Daker had not demonstrated good cause for a further extension.

The district court also concluded that there were no other circumstances that warranted an extension of time for service to be completed. The court expressly considered the statute of limitations. It acknowledged that under the applicable statutes of limitations, its decision likely would result in Daker's claims effectively being dismissed with prejudice. Even so, the court refused to grant

a further extension because Daker previously could have used his resources to hire a process server but had refused to do so. The court denied as moot Daker's motions for service by the USMS and to subpoena GDOC

This is Daker's appeal.

## II.

We review for abuse of discretion both a district court's dismissal for failure to timely serve a defendant with process under Federal Rule of Civil Procedure 4(m) and a district court's decision to deny an extension of time for serving a defendant. *Rance v. Rocksolid Granit USA, Inc.*, 583 F.3d 1284, 1286 (11th Cir. 2009). We also review for abuse of discretion a district court's decision not to direct USMS to effectuate service when the plaintiff is not proceeding *in forma pauperis*. *See* Fed. R. Civ. P. 4(c)(3) (providing that a district court "may" order the USMS to effectuate service). "[A]buse of discretion review requires us to affirm unless we find that the district court has made a clear error of judgment[] or has applied the wrong legal standard." *Rance*, 583 F.3d at 1286 (internal quotation marks omitted).

## III.

The primary issue before us in this appeal is whether the district court abused its discretion when it dismissed the action under Rule 4(m) because Daker failed to serve the defendants. Under this rule, when a defendant is not served within 90 days of the filing of a complaint, the district court, "on motion or on its own after notice to the plaintiff . . . must dismiss the action without prejudice

against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). It is true that if a plaintiff shows "good cause" for failure to complete service, the court "must extend the time for service for an appropriate period." *Id.* But "[g]ood cause exists only when some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." *Lepone-Dempsey v. Carroll Cnty. Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007) (alteration adopted) (internal quotation marks omitted).

Before dismissing an action under Rule 4(m), a district court also must "consider whether any other circumstances warrant an extension of time based on the facts of the case." *Bilal v. Geo Care, LLC*, 981 F.3d 903, 919 (11th Cir. 2020) (internal quotation marks omitted). Circumstances that may warrant an extension of time include when the statute of limitations would prevent refiling. *See Lepone-Demsey*, 476 F.3d at 1282. But a district court is not required to extend the period for service in such a circumstance; instead, it is simply "incumbent upon the district court to at least consider this factor." *Id.*

Here, the district court did not abuse its discretion when it dismissed Daker's complaint under Rule 4(m). Shortly after Daker filed the complaint, the magistrate judge directed him to serve the defendants, and the district court decided that it would not order USMS to serve the defendants, putting Daker on notice that he needed to hire a private process server. Because he failed to

effectuate service within the specified time period, the district court was required to dismiss the complaint. *See* Fed. R. Civ. P. 4(m).

Daker says that the district court should have extended the deadline for effecting service because he established good cause for his failure to serve the defendants and other circumstances warranted an extension. But, upon remand, the district court adequately considered both whether there was good cause and whether other circumstances warranted an extension. We cannot say that the district court abused its considerable discretion when it refused to further extend the service deadline. *See Lepone-Demsey*, 476 F.3d at 1282.

Daker also argues that the district court should have ordered USMS to serve the defendants. Had Daker been proceeding *in forma pauperis*, the district court would have been required to order USMS to effectuate service. *See Rance*, 583 F.3d at 1286. But because Daker was not proceeding *in forma pauperis*, he paid a filing fee, and as a result, the district court had the discretion to decide whether to order USMS to serve the defendants. *See* Fed. R. Civ. P. 4(c)(3) (explaining that a district court "may" order service by USMS). And the court did not abuse its discretion in declining to order USMS to complete service, especially given its finding that Daker had adequate resources that would have allowed him to contact and hire a private process server. *See Ward*, 999 F.3d at 1307 ("Discretion means the district court has a range of choice, and that its decision will not be disturbed as long as it stays within that range and is not

influenced by any mistake of law." (internal quotation marks omitted)).[3]

Daker argues that under our decision in *Richardson v. Johnson*, 598 F.3d 734 (11th Cir. 2010), the district court was required to direct USMS to serve the defendants. We disagree.

In *Richardson*, a state prisoner filed a lawsuit against prison officials, alleging they had violated his constitutional rights. *Id.* at 736. After the district court granted the prisoner leave to proceed *in forma pauperis*, it directed USMS to serve process on two defendants by mailing papers to a correctional officer at the prison where the prisoner was in custody. *Id.* The correctional officer served one of the defendants but was unable to serve the second defendant, who no longer worked at the prison. *Id.* at 736–37. Because the second defendant was never served, the district court dismissed the claims against him under Rule 4(m). *Id.* at 737.

On appeal, we vacated the dismissal of the claims against the second defendant. *Id.* at 740. Because the prisoner was proceeding *in forma pauperis*, we explained, "officers of the court" were required to "'issue and serve all process.'" *Id.* at 738 (quoting 28 U.S.C. § 1915(d)). We recognized that "[t]he failure of [USMS] to

---

[3] Daker points out that after remand the district court denied as moot his motion requesting that the court order USMS to serve process. He argues that the district court erred by failing to reach "the merits" of his motion. Appellant's Br. at 25. But the substance of the district court's order shows that in fact the court considered anew the substance of his request for court-ordered service by USMS and again declined to exercise its discretion to grant the request.

23-10609              Opinion of the Court                  11

effectuate service on behalf of an *in forma pauperis* plaintiff through no fault of that plaintiff constitute[d] good cause" for an extension of time to complete service under Rule 4(m). *Id.* at 738–39 (internal quotation marks omitted). We concluded that *"when the district court instructs [USMS] to serve papers* on behalf of a prisoner, the prisoner need furnish no more than the information necessary to identify the defendant." *Id.* at 739 (emphasis added) (internal quotation marks omitted). In reaching this conclusion, we mentioned the "security risks inherent in providing the addresses of prison employees to prisoners" and "the reality" that prisoners might face difficulties "when they attempt to obtain information through governmental channels." *Id.* (internal quotation marks omitted). We held that "as long as the *court-appointed agent* can locate the prison-guard defendant with reasonable efforts, prisoner-litigants who provide enough information to identify the prison-guard defendant have established good cause for Rule 4(m) purposes." *Id.* at 740 (emphasis added).

*Richardson* does not control here. Our analysis in *Richardson* addressed good cause for an extension when a prisoner was proceeding in *forma pauperis* and the court had ordered USMS to effectuate service. As a result, nothing in *Richardson* addressed whether a district court abused its discretion when it declined to order USMS to effectuate service for a prisoner who paid the filing fee. The case also did not address whether a district court abused its discretion when it refused to grant a further extension under Rule 4(m) to a prisoner who, after the court declined to order USMS to effectuate service, failed to timely serve the defendants. After

carefully considering *Richardson*, we conclude that it does not alter our conclusion that the district court did not abuse its discretion when it refused to order USMS to complete service and dismissed the complaint under Rule 4(m).[4]

### IV.

For the above reasons, we affirm the district court's judgment.

**AFFIRMED.**

---

[4] Daker also argues on appeal that the district court erred, after remand, when it denied his motion for a subpoena to GDOC requesting contact information for the defendants. But, again, we cannot say that the district court abused its discretion. Daker belatedly requested the subpoena. When he filed his motion, the lawsuit had been pending for more than three years. And throughout that time, he refused to follow the district court's direction to hire a private process server. In addition, Daker made no attempt to serve GDOC, even though he possessed its address the entire time. Given these circumstances, we cannot say that the district court abused its discretion in refusing to issue the subpoena.